IN THE UNITED STATES BANKRUPTCY COURT
OF THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BW INDUSTRIES, INC., *et al.*, | ) | Case No. 23-10844 (MFW) |
| | ) | |
| Debtors. | ) | **Objection Deadline: May 1, 2024 at 4:00 pm** |
| | ) | **Hearing Date: May 8, 2024 at 2:00 pm** |

## MOTION OF PHS TOLEDO INNOVATION CENTER HOLDINGS LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)

PHS Toledo Innovation Center Holdings LLC ("PHS Holdings"), by and through its undersigned counsel, hereby moves the Court for the issuance of a final order in the form attached hereto terminating the automatic stay pursuant to Section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001 (the "Motion"). In support of its Motion, PHS Holdings sets forth the following:

1. The Debtor, BW Industries, Inc., et al (the "Debtor"), commenced this bankruptcy proceeding by filing its voluntary petition under Chapter 7 of the United States Bankruptcy Code on June 28, 2023 (the "Petition Date").

2. The Debtor and PHS Holdings hold membership units in an entity known as Toledo Innovation Center Manager LLC ("Manager LLC"). Pursuant to the attached Operating Agreement of Manager LLC dated June 17, 2021, as amended (the "Manager LLC Operating Agreement"), PHS Holdings holds 230 Membership Units, and the Debtor holds 770 Membership Units of Manager LLC. See **Exhibit A**. The Manager LLC was created to facilitate the project known as the Toledo Innovation Center Project (the "Project").

3. Pursuant to a facility sublease of the Project between Toledo Innovation Center Master Tenant LLC ("Master Tenant"), and the Debtor dated March 18, 2022 (the "Master

Sublease"), Master Tenant subleased the entire Project to the Debtor. The Master Sublease is attached hereto as **Exhibit B**.

4. The Debtor failed to take and maintain possession of the Project and pay rent to Master Tenant commencing May 22, 2023 in default of the Master Sublease, and filed a Chapter 7 Bankruptcy proceeding on the Petition Date. Master Tenant sent written notice of breach of the Master Sublease on June 19, 2023, and the Debtor failed to cure such breaches within 30 days after June 19, 2023. The Bankruptcy Court rejected the Master Sublease effective June 28, 2023 (the "Rejection Order") [Docket No. 110].

5. Pursuant to Section 9.3(a) of the Manager LLC Operating Agreement, upon the breach of the Debtor's obligations under the Master Sublease and failure to cure within 30 days, PHS Holdings has the option to purchase the Debtor's Membership Units in Manager LLC for a purchase price equal to 80% of Appraised Value as defined in the Manager LLC Operating Agreement (the "First Call Option").

6. Pursuant to Section 9.3(b) of the Manager LLC Operating Agreement, upon the Debtor's Bankruptcy, the Company or the remaining Member of Manager LLC has the right to purchase Debtor's Membership Units in Manager LLC for a purchase price equal to 80% of Appraised Value (the "Second Call Option").

7. Appraised Value is defined under the Manager LLC Operating Agreement as the amount distributable to the Debtor upon the deemed sale of the Project for 95% of appraised value after payment of all Project and Manager LLC liabilities and the liquidation of Manager LLC. Due to the lack of any tenants for the Project, the appraised value of the Project is substantially less than the existing mortgage indebtedness of the Project. As set forth in the attached Broker Opinion of Value dated March 5, 2024, and the attached balance sheets and calculation of liquidating

distributions to the Debtor as of December 31, 2023, the Appraised Value of the Debtor's Membership Units in Manager LLC is zero.  Accordingly, the purchase price under either the First Call Option or the Second Call Option is zero.  See **Exhibit C** and **Exhibit D** attached hereto.

8. Pursuant to Section 9.4 of the Manager LLC Operating Agreement, the closing of the sale of Membership Units shall occur on a date selected by PHS Holdings (as the company Manager) within 120 days after exercise of the First Call Option or Second Call Option.  At the closing, the purchasing member (PHS Holdings) must pay the purchase price and the selling member (Debtor) must execute all documents necessary or desirable to evidence the transfer of the Membership Units to purchaser (PHS Holdings).  Pursuant to Section 11.11(a)(iv) of the Manager LLC Operating Agreement, Debtor granted a power of attorney to the company Manager (PHS Holdings) to execute all assignments or other instruments necessary or advisable to effect the transfer of Membership Units pursuant to Section 9.3, provided that the transferring Member has failed to execute such documents within 5 days after written request.

9. PHS Holdings exercised the First Call Option and Second Call Option by written notice to the Trustee dated March 26, 2024, and in that notice (i) requested that the Trustee assign the Membership Units of the Debtor to PHS Holdings for no consideration, and (ii) provided the Trustee with an Assignment and Acceptance Form.  See **Exhibit E** attached hereto.  Trustee has failed to execute the Assignment and Acceptance form through the date of this Motion.

10. The Trustee has requested that the undersigned file a Motion for Relief in order for notice to be given to any other party in interest.

11. Section 362(d) of the Bankruptcy Code provides that on request of a party in interest after a notice and a hearing, the court shall grant relief from the automatic stay either "(1) for cause, including the lack of adequate protection of an interest in property of such party in

interest," or "(2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . . ." 11 U.S.C. § 362(d).

12. In the instant case the Debtor has rejected the underlying lease, the Debtor has no equity in the Project and the Debtor having filed a Chapter 7 is not seeking to reorganize its business. Therefore, cause exists under the Code for Relief from Stay.

13. For all the foregoing reasons, relief from automatic stay should be granted so that PHS Holdings may use its power of attorney under the Manager LLC Operating Agreement to execute the Assignment and Acceptance form to transfer the Debtor's Membership Units in Manager LLC to PHS Holdings.

Dated: April 24, 2024               HOGAN♦MCDANIEL

                                    /s/ Garvan F. McDaniel
                                    Garvan F. McDaniel (DE # 4167)
                                    1311 Delaware Avenue
                                    Wilmington, DE 19806
                                    Telephone: 302-656-7540
                                    Facsimile: 302-656-7599
                                    gfmcdaniel@dkhogan.com

                                    *Attorney for PHS Holdings*