IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BW Industries Inc. *et al.*,[1]<br><br>Debtors. | ) Chapter 7<br>)<br>) Case No. 23-10844-MFW<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket Nos. 244, 264** |

## FINAL ORDER APPROVING
## SETTLEMENT AGREEMENT AND GRANTING RELATED RELIEF

The Court has considered the joint motion of Jeoffrey L. Burtch, in his capacity as Chapter 7 Trustee in the cases of BW Enterprises, Inc. and its affiliated Debtors (the "Trustee"), Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, Neptali Montez, Andre Nunn, Kaila Webb, and Kasandra Jimenez (the "Class Representatives"), on behalf of themselves and on behalf of similarly situated class members (together with the Class Representatives, and excluding eligible members who timely elected to not be included, the "Class Members" or "Class") for an order approving the proposed Settlement Agreement and General Release among: (1) the Trustee; (2) the Class Representatives; (3) Ollen Douglass, Mitchell Kapor, Paula Pretlow, and Joseph Proietti (collectively, the "Non-Management Directors"); (4) Kapor Capital Management Co. LLC, Kapor Capital Partners II, L.P., Kapor Capital Partners III, L.P., and the Kapor Klein Revocable Trust; (5) 906 Ventures, LLC and Nuovo Capital, LLC; (6) Motley Fool Ventures Management LLC and Motley Fool Ventures LP; (7) Scottsdale Insurance Company, Great American E&S Insurance Company, and The Hanover Insurance Company (collectively, the "Participating Insurance Carriers"); and (8) Bethany Mily (all of the foregoing shall be referred to,

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): BW Industries Inc. (23-10844-MFW); Bitwise Industries, Inc. (23-10845-MFW); BWRD, LLC (23-10846-MFW); Alpha Works Technologies, LLC (23-10847-MFW); Bruce's Bagels, Beverages, and Bites, LLC (23-10848-MFW).

collectively, as the "Settling Parties") (the "Settlement Agreement"),[2] and the objection to the Joint Motion filed by Agri Capital Inc. and CA AG LLC [D.I. 264].

The Court finds:

A.  The Class Representatives filed the following actions asserting claims under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. (the "WARN Act") and various state laws:

1. The federal civil action styled as *Nunn et al. v. Bitwise Industries, Inc., et al.*, Case No. 23-00867-ADA-SAB, E.D. Ca.), which remains pending in the United States District Court for the Eastern District of California;

2. The state civil action styled as *Pedro Garza, et al. v. BW Industries, Inc., et al.*, (Case No. 23CECG0208, Sup. Ct. of Cal., County of Fresno), which remains pending in the Superior Court of the State of California, Fresno County; and

3. The adversary proceeding styled as *Nunn, et al. v. Bitwise Industries, Inc., et al.*, (Adv. Pro. No. 23-50425-MFW, Bankr. D. Del.), which remains pending in this Court.

(collectively, the "WARN Actions").

B.  The Court entered an Order on August 19, 2024, certifying the Class, approving the Settlement Agreement on a preliminary basis, and approving the form and manner of notice of Class certification and the Settlement Agreement and the deadline for opting out of the Class and filing objections to the Settlement Agreement to be given to all individuals eligible to be members of the Class.

C.  Due notice of the Settlement Agreement has been given to all creditors and all individuals eligible to be members of the Class of the right to opt-out of the Class or object to the

---

[2] A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A.** Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

proposed Settlement Agreement and the right to appear in person or by counsel at the Fairness Hearing; and no other or further notice is required and such notice is deemed proper and sufficient under the circumstances.

D. All Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement.

E. The terms of the Settlement Agreement are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure. The Court finds that: (i) the recovery that the Estates will realize on account of the Settled Matters and Released Matters are within the range of reasonably foreseeable recoveries in the event of litigation of such claims; (ii) recoveries for the Class are at the high end of the range of reasonably foreseeable recoveries in the event of litigation of such claims and in the absence of the settlement of the Settled Matters and Released Matters; and (iii) the costs of litigation would be high because fact issues predominate and the matters resolved through the Settlement Agreement would not likely be resolved early through motions to dismiss.

F. There are no valid, enforceable, duly perfected security interests or liens of any type that would encumber any of the Estates' claims against the Settling Parties, and the Court finds and concludes that all amounts paid to the Trustee pursuant to the Settlement Agreement shall become property of the Estates, free and clear of any liens or other interests.

G. All of the Settled Matters and any other claims based on harm to the Debtors or generalized harm of the sort that could be asserted by any creditor (including, but not limited to, claims asserted against the Non-Management Directors in the Agri Capital Lawsuit) are property of the Estates, and the Trustee has sole and exclusive authority to settle such claims.

H. The terms of the Settlement Agreement, including those related to the settlement of the Settled Matters and Released Matters, the settlement of the Trustee and the Estates' claims, and the mutual releases, are fair and reasonable, and in the best interests of the Estates and creditors.

I. The terms of the Settlement Agreement as it relates to the Class Members' claims are also appropriate and in the best interests of the Estates, Class Members, and creditors generally under Bankruptcy Rule 9019.

J. The Settlement Agreement was negotiated at arm's-length and in good faith, and is fair, equitable, and in the best interest of the Estates.

K. The objection filed by filed by Agri Capital Inc. and CA AG LLC was withdrawn, and no other objections to the Joint Motion have been asserted.

L. Good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is APPROVED.

2. The Trustee is authorized to settle and fully release any and all claims of the Debtors and the Debtors' Estates as set forth in the Settlement Agreement.

3. Upon the Effective Date of the Settlement Agreement, the Settling Parties are authorized and directed to implement the terms of the Settlement Agreement, make the payments required thereunder, and otherwise perform in accordance with the Settlement Agreement.

4. Upon the Effective Date of the Settlement Agreement, except for the rights arising out of, provided for, or reserved in the Settlement Agreement, the Settling Parties, on behalf of themselves and (as applicable) their current and former officers, directors, managers, members,

shareholders, general partners, limited partners, employees, advisors, agents, professionals, affiliates, subsidiaries, parents, guarantors, and controlling persons (each in their respective capacities as such), and, in the case of the Class Representatives, on behalf of the Class and all Class Members, and, in the case of the Trustee, on behalf of the Debtors and the Estates, together with the predecessors, successors, and/or assignees of each of the foregoing (each, a "Releasor," and, collectively, the "Releasors") shall be conclusively deemed to have fully and forever released, acquitted, and forever discharged each other and every other Party and Releasor from the Settled Matters and the Released Matters as set forth in the Settlement Agreement, and their respective current and former shareholders and investors, subsidiaries and affiliated entities, any potential "single employer" under the WARN Act, and their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives, and other agents, and all of their respective predecessors, successors, and assigns, of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees, and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected, or disclosed, that any Party may now have or hereafter may have against any other Party, including, but not limited to, those related to or are based on back or severance pay or benefits under any federal, state, or local law or regulation arising out of the termination of the Class Members' employment by the Debtors, including, but not limited to: (i) all claims asserted or that could have been asserted in the WARN Actions; and (ii) any other claims for back or severance pay or benefits based on or arising out of any federal, state, or local statute, ordinance or regulation; *provided, however*, that the following claims and/or rights shall not be released: (a) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependent of a Class Member, to the

5

extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985; (b) any prepetition claims arising out of obligations of the Debtor unrelated to the WARN Act, or back or severance pay or benefits; and (c) rights, if any, unrelated to Class Members' claims under the WARN Act, under the Debtors' 401(k) plans. The claims released above are referred to as the "Released Claims."

5. As of the Effective Date of the Settlement Agreement, any claims that have been filed by the Class Representatives or the Class Members, on account of any alleged violation of the WARN Act or for severance pay or benefits under any federal, state, or local law or regulation, are disallowed in their entirety and shall be deemed expunged from the claims register. In addition, each Party shall be deemed as of the Effective Date to have released the Class Representatives from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Class Representatives, any successors or assignees to their legal interests, or any of their present or former agents, attorneys, or consultants arising out of any Released Claim or the terms of the Settlement Agreement.

6. Stipulations for dismissal with prejudice of the WARN Actions shall be executed in forms agreeable to the Settling Parties and filed within fourteen (14) days following the Effective Date, or such other date as may be ordered by any court with jurisdiction over the relevant WARN Action.

7. All amounts paid to a Class Member pursuant to the terms of the Settlement Agreement shall be deemed a recovery by such Class Member under 11 U.S.C. § 507(a)(4). In no event shall any Class Member receive aggregate distributions under or by reason of the Settlement Agreement in an amount that is greater than the priority amount allowable under 11 U.S.C. §

507(a)(4), except to the extent of any recovery on account of a general unsecured, non-priority claim, or, in the case of the Class Representatives, Service Payments.

8.  Within 30 days after the close of each calendar quarter, Class Counsel shall provide the other Settling Parties with a report of distributions made to the Class Members. Following the occurrence of the Effective Date, the Settling Parties and the Releasors, including, without limitation, the Trustee and the Estates, shall not, and are prohibited and enjoined from, continuing, pursuing, commencing, initiating, filing, instituting, asserting, aiding, prosecuting, encouraging, supporting, inducing, participating in or assisting, directly or indirectly, any lawsuit, action, claim or other proceeding of any kind, at any time, against any other Party or Releasor, in any court or administrative proceeding, in any venue, based upon, arising out of, or relating in any way to the Settled Matters and the Released Matters.

9.  All persons or entities who hold or assert, or may in the future hold or assert, any claim against any insured party arising in connection with any activities covered or potentially covered by any of the policies identified and defined in the Settlement Agreement, specifically (i) the Great American Policy, (ii) the Hanover TPL Policy, and (iii) the Scottsdale Policy (each, a "Policy," collectively the "Policies"), or in connection with any insured party's activities giving rise to the claims made or to be made under any of the Policies, and any other person or entity who may claim to be an insured, additional insured, or otherwise entitled to any benefit or recovery, directly or indirectly, from or under any of the Policies, are permanently stayed, restrained, and enjoined from asserting any such claim, right or entitlement, commencing a proceeding, or taking any other action against any of the Participating Insurance Carriers for the purpose of obtaining any recovery under any of the Policies.

10. Upon entry of this Order, (A) Claim No. 323, filed by Agri Capital, Inc. against BW Industries Inc., Case No. 23-10844 (MFW), is hereby allowed as a general unsecured claim in the amount of $1,133,315.07; and (B) Claim No. 324, filed by CA AG, LLC against BW Industries Inc., Case No. 23-10844 (MFW), is hereby allowed as a general unsecured claim in the amount of $566,657.53.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order, except to the extent that approval of the Settlement Agreement is required by the other courts with jurisdiction over the WARN Actions.

Dated: November 20th, 2024  
Wilmington, Delaware

**MARY F. WALRATH**  
**UNITED STATES BANKRUPTCY JUDGE**