# EXHIBIT A

## <u>SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

This Settlement Agreement and General Release (**"Settlement Agreement"** or **"Agreement"**) is entered into by, between, and among the following (each a **"Settling Party"** and collectively referred to as the **"Settling Parties"**):

      (a)     Jeoffrey Burtch (the **"Trustee"**), solely in his capacity as the Trustee in the Chapter 7 bankruptcy cases filed by BW Industries, Inc., a Delaware corporation (**"BWI"**), and its affiliated debtors, Bitwise Industries, Inc., a California corporation (**"Bitwise"**), BWRD, LLC, a California Limited Liability Company (**"BWRD"**), Alpha Works Technologies, LLC, a California Limited Liability Company (**"Alpha Works"**), and Bruce's Bagels, Beverages, and Bites, LLC, a California Limited Liability Company (**"BBBB"**) (collectively, the **"Debtors"**),

      (b)     Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, and Neptali Montez (collectively, the **"Garza Plaintiffs"**), and Andre Nunn, Kaila Webb, and Kasandra Jimenez (collectively, the **"Nunn Plaintiffs,"** and, together with the Garza Plaintiffs, the **"Class Representatives"**), individually and on behalf of the Class (as defined below),

      (c)     Ollen Douglass (**"Douglass"**), Mitchell Kapor (**"Kapor"**), Paula Pretlow (**"Pretlow"**), and Joseph T. Proietti (**"Proietti"**), individually, and collectively as the **"Former Directors"**,

      (d)     Kapor Capital Management Co., LLC, Kapor Capital Partners II, L.P., Kapor Capital Partners III, L.P., and the Kapor Klein Revocable Trust (together, the **"Kapor-related Entities"**),

      (e)     906 Ventures, LLC and Nuovo Capital, LLC (together, the **"Proietti-related Entities"**),

      (f)     Motley Fool Ventures Management LLC and Motley Fool Ventures LP (collectively, **"Motley Fool Ventures"**),

      (g)     The **"Participating Insurance Carriers"** which shall mean Scottsdale Insurance Company (**"Scottsdale"**), Great American E&S Insurance Company (**"Great American"**) and The Hanover Insurance Company (**"Hanover"**), and

      (h)     Bethany Mily (**"Mily"**).

## I.    RECITALS

1.    WHEREAS, BWI is the sole stockholder of Bitwise. Bitwise was founded in 2013 by Jake Soberal (**"Soberal"**) and Irma Olguin, Jr. (**"Olguin, Jr."**) in Fresno, California. Bitwise focused on computer programming instruction, technology sales, and real estate operations.

2.    WHEREAS, BWI is the sole Member and Manager of Alpha Works Technologies, BWRD, and BBBB, its directly wholly owned subsidiaries.

3.    WHEREAS, at all relevant times, the Debtors were operated and managed by co-CEO's Soberal and Olguin, Jr. (together, the **"Former CEOs"**). The Former Directors served as members of BWI's board of directors.

4.    WHEREAS, during, or around, Memorial Day weekend of 2023, the Former Directors were made aware by the Former CEOs that the Debtors would not be able to meet current payroll obligations. Upon investigation by the Former Directors, it was discovered that the Former CEOs had, for a period of months if not years, misrepresented the Debtors' financial condition and profitability.

5.    WHEREAS, shortly after the events of Memorial Day weekend of 2023, the Former Directors voted to terminate the Former CEOs and other members of the Debtors' management. For a period of three to four weeks thereafter, the Former Directors continued their investigation into the true status of the Debtors. Due to the nature and extent of the Former CEOs' misfeasance and malfeasance, it was determined that the Debtors could not continue as going concerns and would file petitions for relief under Chapter 7 of the Bankruptcy Code (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**).

6.    WHEREAS, numerous civil lawsuits were filed as a result of and/or related to the Debtors' demise:

    (a)    On June 7, 2023, the Garza Plaintiffs individually, as representatives of the Private Attorney General Act (**"PAGA"**) statutory group of former employees, and on behalf of similarly situated members of a putative class (the **"Garza Class"**) filed a complaint in the Fresno County Superior Court for the State of California against BWI, Bitwise, Alpha Works, the Former CEOs, the Former Directors, and DOES 1 through 100. The lawsuit, styled *Garza et al. v. BW Industries, Inc. et al.*, No. 23CECG02098 (the **"Garza Class Action"**), alleges: (1) Violation of the California WARN Act; (2) Violation of California Unfair Business Practices law; (3) Violation of California

Penal Code § 496; (4) Failure to pay wages; (5) Failure to maintain accurate records; (6) Failure to furnish wage statements; (7) Failure to timely pay wages; (8) Failure to pay minimum wages; and (8) Negligence. The complaint expresses the Garza Plaintiffs' intent to add claims pursuant to PAGA (the "**PAGA Claims**"), and the Garza Plaintiffs filed a notice of such claims—the first step in bringing those claims—with the California Labor and Workforce Development Agency ("**LWDA**"). Pursuant to the automatic stay and an order [Dkt. 123] issued by the Bankruptcy Court, the Garza Class Action is stayed.

(b)    On June 6, 2023, the Nunn Plaintiffs, individually and on behalf of similarly situated members of a putative class (the "**Nunn Class**") filed a complaint (subsequently amended) in the United States District Court for the Eastern District of California against Bitwise, Alpha Works, certain of the Kapor-related Entities, the Proietti-related Entities, Motley Fool Ventures Management LLC, Soberal, Olguin, Jr., Kapor, Proietti, and Douglass. The lawsuit, styled *Andre Nunn, et al. v. Bitwise Industries, Inc. et al.*, Case 1:23-cv-00867-ADA-SAB (the "**Original Nunn Class Action**"), alleges: (1) Violation of the California WARN Act; (2) Violation of the Federal WARN Act; and (3) State Wage Law Claims. The Nunn Plaintiffs also expressed an intent to add claims pursuant to PAGA to the class action lawsuit by sending a notice to the California Labor and Workforce Development Agency. The Nunn Plaintiffs agree that any PAGA Claims they intended to and intend to file on behalf of any former employee group would be and will be encompassed by the LWDA notice and claims to be filed by the Garza Plaintiffs. Pursuant the automatic stay and an order [Dkt. 123] issued by the Bankruptcy Court, the Original Nunn Class Action is stayed.

(c)    On June 9, 2023, Plaintiffs Agri Capital, Inc. and CA AG, LLC (the "**Agri Capital Plaintiffs**") filed a complaint (subsequently amended) in the Superior Court of California, Fresno County against the Former CEOs, former Bitwise President Mily, the Former Directors, BWI, Bitwise, BBBB, and DOES 1 through 100 (collectively, the "**Agri Capital Defendants**"). The lawsuit, styled *Agri Capital, Inc. et al. v. Soberal, et al*, Case No. 23CECG02240 (the "**Agri Capital Lawsuit**"), asserts claims for fraud, negligent misrepresentation, violation of California Penal Code § 496, breach of contract, breach of covenant of good faith and fair dealing, negligent supervision, breach of duty of care, and negligence related to unauthorized loan solicitations by Soberal, Olguin, and Mily. The Agri Capital Lawsuit was stayed pursuant to the automatic stay and an order [Dkt. 123] issued by the Bankruptcy Court. The Agri Capital Plaintiffs have taken

the position that the stay of actions against parties other than the Debtors terminated after the January 30-31, 2024 Global Mediation, referenced in ¶ 10, *infra*. Nonetheless, the Agri Capital Plaintiffs agreed to extend the Agri Capital Defendants' deadline to respond to the First Amended Complaint.

(d)  On September 11, 2023, Douglass and Proietti filed a lawsuit in Fresno County Superior Court against Soberal, Olguin, Jr., Mily, and Scottsdale. The lawsuit, styled *Proietti et al. v. Soberal et al.*, No. 23CECG03741 (the **"Scottsdale Lawsuit"**) asserts claims for Declaratory Judgment related to insurance coverage on policies issued by Scottsdale. Pursuant to an order [Dkt. 123] issued by the Bankruptcy Court, the Scottsdale Lawsuit is stayed; and

(e)  Additional lawsuits were filed against the Debtors, Former Directors, and Former CEOs, including but not limited to *Catalyst Communications, Inc. v. Jake Soberal, et al.*, Case No. 23CECG02145, Superior Court of the State of California, Fresno County; *Central Valley Community Foundation v. BW Capital Fund I, LP, et. al*, Case No. 24CECG00377, Superior Court of the State of California, Fresno County; *Chase Carter, et al. v. BW Industries, Inc., et al.*, Case No. 23CECG00649, Superior Court of the State of California, Fresno County; *Robert Ellis v. Jake A. Soberal, et al.*, Case No. 23CECG04476, Superior Court of California, Fresno County; *NICbyte, LLC, et al. v. Wishon Row, LLC, et al.*, Case No. 23CECG01990, Superior Court of the State of California, Fresno County; and *NICbyte, LLC, et al. v. StarTop Investments, LLC, et al.*, C.A. No. 2023-0637-NAC, Court of Chancery, State of Delaware (the **"Additional Lawsuits"**).

7.  WHEREAS, on June 28, 2023 (the **"Petition Date"**), the Debtors filed their voluntary petitions with the Bankruptcy Court, thereby commencing the Chapter 7 case styled *In re BW Industries, Inc.*, Case, No. 23-10844-MFW), *In re Bitwise Industries, Inc.*, Case No. 23-10845-MFW, *In re BWRD, LLC*, Case No. 23-10846-MFW, *In re Alpha Works Technologies, LLC*, Case No. 23-10847-MFW, and *In re Bruce's Bagels, Beverages, and Bites, LLC*, Case No. 23-10848-MFW (the **"Bankruptcy Cases"**). The Bankruptcy Cases are being jointly administered under Case No. 23-10844-MFW. On June 30, 2023, the Trustee was appointed as the interim chapter 7 trustee in the Bankruptcy Cases.

8.  WHEREAS, on July 3, 2023, the Nunn Plaintiffs filed an adversary proceeding in the Bankruptcy Court styled as *Nunn, et al. v. Bitwise Industries, Inc., et al.*, (Adv. Pro. No. 23-50425-MFW, Bankr. D. Del.) (the **"Nunn Adversary"** and, with the Original Nunn Class Action, the

"**Nunn Class Actions**"), in which they assert claims substantially similar to those asserted in the Original Nunn Class Action.

9.       WHEREAS, on July 20, 2023, Proietti and Douglass filed a Motion for Determination that the Automatic Stay Does Not Stay Commencement and Prosecution of Litigation to Determine Use of Insurance Proceeds or, in the alternative, for Stay Relief [Dkt. 26] (the "**Use of Insurance Proceeds Motion**"). On August 18, 2023, attorneys for Bitwise, BWI, BBBB, and non-debtor wholly-owned subsidiary Wishon Row, LLC, Kapor, Pretlow, Proietti and Douglass filed a Motion to Modify Automatic Stay to Permit Advancement of Defense Fees and Costs [Dkt. 99, as amended Dkt. 104] (the "**Advancement Motion**"). In an attempt to resolve the Use of Insurance Proceeds Motion and the Advancement Motion and resolve the civil actions referenced above in the most economical and efficient manner, the Trustee, the Former Directors, the Agri Capital Plaintiffs, the Nunn Plaintiffs and the Garza Plaintiffs, through counsel, negotiated a Consent Order [Dkt. 123] (the "**Consent Order**") which resolved the motions, and stayed the civil actions, originally for 120 days and subsequently through a period until 20 days after completion of the mediation process that began on January 30, 2024, during which time the parties agreed to mediate the claims of the plaintiffs in the civil actions as well as claims by the Trustee on behalf of the Debtors against the Former Directors (the "**Trustee's Claims**").

10.      WHEREAS, on January 30th and 31st of 2024, in an attempt to agree to a global resolution of the above-referenced lawsuits and other disputes (or as many as possible), existing or potential, related to the demise of Bitwise and the Debtors' bankruptcies, a mediation was held in New York, New York (the "**Global Mediation**").   The parties to the Global Mediation, through their respective counsel, included, among others: the Trustee, the Garza Plaintiffs, the Nunn Plaintiffs, Scottsdale, Hanover, Great American, Kapor and the Kapor-related entities, Proietti and the Proietti-related entities, Pretlow, Douglass, and Motley Fool Ventures.  The Settling Parties agreed to continue the Global Mediation beyond January 31, 2024, in order to negotiate a potential settlement.

11.      WHEREAS, the Settling Parties through counsel, have (i) extensively examined the allegations and defenses relating to the Bankruptcy Cases (including proofs of claims and priority claims against the Debtors' estates), the Nunn Class Actions, the Garza Class Action, the Agri Capital Lawsuit, the Scottsdale Lawsuit, and the Trustee's Claims, (ii) carefully considered the position statements and responses submitted in advance of the Global Mediation, and (iii) engaged

in extensive post-mediation discussion and negotiation. In light of the foregoing, the Settling Parties, without admitting liability, now desire to avoid the cost and uncertainty of further litigation and therefore agree to resolve their disputes as follows and pursuant to the terms stated herein.

**NOW, THEREFORE,** in consideration of the foregoing and the covenants, stipulations, promises, and representations herein, including but not limited to the releases granted herein, and other valuable consideration the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Settling Parties hereby agree as follows:

## II.    DEFINITIONS

12.    As used herein (and not defined elsewhere in this Agreement), the following terms shall have the meanings set forth below:

(a)    **"Final Approval Order"** means the Bankruptcy Court's order substantially in the form attached hereto as Exhibit A approving this Settlement Agreement on a final basis, which Final Approval Order shall include a finding that the Trustee, acting on behalf of the Debtors' estates, has the full and sole authority to settle and release the Debtors and the Debtors' estates' claims, including all claims alleging a generalized harm to creditors asserted against the Former Directors (including, but not limited to such claims asserted against the Former Directors in the Agri Capital Lawsuit) and that by approving this Settlement Agreement that the Bankruptcy Court is authorizing the Trustee to fully release any and all claims of the Debtors and the Debtors' estates as set forth in this Settlement Agreement.

(b)    The **"Funding Parties"** includes, and is limited to, (i) Great American, (ii) Hanover, (iii) Scottsdale, (iv) Motley Fool Ventures, and (v) Kapor and/or Kapor-related Entities.

(c)    The **"Great American Policy"** means Private Equity Liability Insurance Policy No. PEPE247333 issued by Great American to Kapor Capital Management Co., LLC, which was in effect from July 30, 2022 to July 30, 2023 with a per Claim limit of $5,000,000.00.

(d)    The **"Hanover TPL Policy"** means Technology Professional and Cyber Advantage Policy No. LHF D041495 07 issued by Hanover to BWI, which was in effect from September 2, 2022 to September 2, 2023 with a $2,000,000.00 per Claim limit and a $10,000.00 per Claim self-insured retention, which has been satisfied.

(e)    **"Kapor Preference Claim"** means the claim informally asserted by the Trustee against the Kapor Klein Revocable Trust seeking recovery under Section 547 of the Bankruptcy Code with respect to loan payments made by the Debtors.

(f)     **"PAGA Members"** means former employees of the Debtors employed at any time during the one-year preceding the Garza Plaintiffs' PAGA notice filing with the LWDA.

(g)     **"Scottsdale/Hanover Agreement"** means the insurance settlement and release agreement entered into between and among Scottsdale, Hanover, and certain insureds and other parties.

(h)     The **"Scottsdale Policy"** means Business and Management Indemnity Policy No. EKS3476591 issued by Scottsdale to "Bitwise Industries dba Listing Agent," subsequently modified by endorsement to identify the Named Insured as "BW Industries, Inc. DBA Bitwise Industries," which was in effect from April 30, 2023 to April 30 2024 with a $5,000,000.00 aggregate limit and $25,000.00 per Claim retentions applicable to each Claim under Insuring Clauses 2 and 3, which such retentions, to the extent applicable, have been satisfied.

(i)     **"Settled Matters"** means the Nunn Class Actions, the Garza Class Action and PAGA Claims, the Scottsdale Lawsuit, and the Trustee's Claims.

### III.     TERMS OF SETTLEMENT

13.     In exchange for, and as consideration for, the covenants, stipulations, promises, and representations herein, including but not limited to the releases granted herein, the Settling Parties agree that the Settled Matters are resolved for a total monetary consideration of $20,000,000.00 (the **"Settlement Proceeds"**) payable in U.S. dollars to the Trustee pursuant to the terms and conditions set forth below.

***Funding of the Settlement Proceeds.***

14.     <u>Funding of the Settlement Proceeds.</u>  The Settlement Proceeds shall be funded as follows: (a) $2,000,000.00 in insurance proceeds from the Hanover TPL Policy; (b) All remaining insurance proceeds from the Scottsdale Policy, estimated to be approximately $4,500,000.00; (c) $5,000,000.00 in insurance proceeds from the Great American Policy; (d) $5,000,000.00 from Kapor as satisfaction of the Kapor Preference Claim; (e) $75,000.00 from Motley Fool Ventures; and (f) the difference between $20,000,000.00 and the aggregate total of 14(a) through 14(e), estimated to be approximately $3,425,000.00, from Kapor and/or Kapor-related Entities.  The Funding Parties will pay the Settlement Proceeds to the Trustee within thirty (30) days following the Effective Date (as defined below), provided that at least ten (10) days prior to such funding each of the Funding Parties is provided with a completed Form W-9 and all necessary payment instructions to complete payment by check or wire.

15.      Conditions Precedent to Funding of the Settlement Proceeds. This Settlement Agreement shall become effective on the **"Effective Date,"** and the Funding Parties' obligations to submit their respective contributions to the Settlement Proceeds are expressly conditioned on the occurrence of the Effective Date. For purposes of this Settlement Agreement the Effective Date shall be the date on which all of the following have occurred: (a) the Final Approval Order and such orders as are necessary for the dismissal of the Nunn Class Actions and the Garza Class Action, if any, have all become "Final Orders"; and (b) the Former Directors, Mily, JITRE, Inc., Wishon Row, LLC, Scottsdale, and Hanover have executed the Scottsdale/Hanover Agreement. The orders shall become Final Orders when the time for taking an appeal has expired or, if an appeal has been taken, on the day the relevant approval order has been affirmed with no further right of appeal.

16.      Bankruptcy Court Approval. Within ten (10) days after this Settlement Agreement has been executed by all parties, the Trustee and the Class Representatives will file a joint motion (the **"Rule 9019 Motion"**) with the Bankruptcy Court requesting:

    a.      Entry of an order substantially in the form attached hereto as Exhibit B approving the Settlement Agreement on a preliminary basis (the **"Preliminary Order"**);

    b.      Solely for purposes of approval of the Settlement Agreement, certification of a class comprised of all persons who: (i) were employed by the Debtors; (ii) suffered an "employment loss" as that term is defined in 29 U.S.C. § 2101(a)(6) and 20 C.F.R. § 639.3(f), on, or within thirty (30) days of, May 29, 2023, as part of a "plant closing" or "mass layoff," as those terms are defined in 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(b)-(c) , or as the reasonably foreseeable consequence of a "plant closing" or "mass layoff" occurring on or about May 29, 2023; (iii) meet the definition of "affected employee" as set forth in 29 U.S.C. § 2101(a)(5) and 20 C.F.R. § 639.3(e); and (iv) do not file a timely request to opt out of the class (each a **"Class Member"** and, collectively, the **"Class"**);

    c.      The appointment of the Class Representatives;

    d.      The Appointment of Raisner Roupinian LLP, Erickson Kramer Osborne, Whelan Law Group and Bonakdar Law Firm as counsel for the Class (**"Class Counsel"**);

e.      Approval of the notice, substantially in the form attached hereto as Exhibit C (the **"Class Notice"**) to be provided to individuals who are eligible to be Class Members, and the manner of service of the Class Notice;

g.      Scheduling a hearing (the **"Fairness Hearing"**) to consider approval of the Settlement Agreement on a final basis; and

h.      Following the Fairness Hearing, entry of the Final Approval Order.

i.      The Trustee shall use his best efforts to obtain Bankruptcy Court approval of a bar order in the Final Approval Order that will prohibit and enjoin any person from asserting against the Settling Parties any and all outstanding and future claims arising from or relating to the Settled Matters, the Released Matters, the Debtors, the Former Directors, or the Settling Parties. The Settling Parties expressly agree that Trustee's best efforts to obtain such bar order is integral to the resolution of the Settled Matters as set forth in this Settlement Agreement, including the granting of the mutual release by the Settling Parties and the payment of the Settlement Proceeds by the Funding Parties.

17.    Within ten (10) days after this Settlement Agreement has been executed by all parties, the parties shall seek relief from the automatic stay in the Bankruptcy Court solely for the purpose of allowing the Garza Plaintiffs to file an amended complaint (the **"First Amended Garza Complaint"**) in the Garza Class Action to add the PAGA Claims for settlement purposes only. The First Amended Garza Complaint will be subject to the Former Directors' approval as to form and content before filing.

18.    Prior to the Fairness Hearing, and as otherwise provided in the Preliminary Approval Order:

a.      Class Counsel shall send the Class Notice to all individuals who are eligible to be Class Members as provided in the Preliminary Approval Order.

b.      Within ten (10) days after the Opt-Out Deadline and PAGA Members' Objection Deadline (each as defined in the Class Notice), Class Counsel shall provide written notice to the other Settling Parties of the total number of Class Members and the number and percentage of Class Members who have exercised their right to opt out or object.

c.      In the event that the percentage of individuals who are eligible to be Class Members who elected to exercise their right to opt out of the Class is greater than ten percent (10%) of the total number of eligible Class Members, any of the Settling Parties shall have the

right to terminate the Settlement Agreement by notice to the other Settling Parties within ten (10) days after delivery of the notice required under paragraph 18.b, whereupon the Trustee and the Class Representatives shall withdraw the 9019 Motion and cancel the Fairness Hearing, and this Settlement Agreement shall be null and void.

19.    Dismissal of Original Nunn Class Action and Garza Class Action. Upon entry of the Final Approval Order, the Nunn Plaintiffs, the Garza Plaintiffs, and the defendants in the relevant actions shall stipulate to dismissal, with prejudice, of their respective lawsuits pending in California. The Garza Plaintiffs, through counsel, shall propose allocating $75,000.00 of the Settlement Proceeds to the PAGA Claims. In the event the Bankruptcy Court rejects such proposed allocation, the Garza Plaintiffs may increase the proposed PAGA allocation as necessary to secure the court's approval.

20.    Post-Effective Date Obligations. Within ten (10) business days after the Effective Date:

    a.    The Nunn Plaintiffs shall file a notice of dismissal of the Nunn Adversary with prejudice.

    b.    The Trustee shall request dismissal of the Agri Capital Lawsuit as against all Former Directors and Mily. If the Trustee's request is denied, the Trustee shall, within thirty (30) days after such denial, in consultation with the Former Directors, take such actions in the Bankruptcy Court as may be reasonably necessary or appropriate to seek dismissal of the Agri Capital Lawsuit.

    b.    Proietti and Douglass shall file a Request for Dismissal of the Scottsdale Lawsuit on California Judicial Council Form CIV-110, with each party to bear its own attorney's fees and costs.

21.    Termination. Except as otherwise agreed in writing by all Settling Parties in accordance with Section 56 of this Settlement Agreement, in the event that the Final Approval Order has not been entered by November 30, 2024, the Settlement Agreement shall become null and void and of no further force and effect and the Settling Parties shall be restored to their litigation position existing before the execution of this Settlement Agreement.

***Distribution of Settlement Proceeds.***

22.    Initial Class Distribution. Within ten (10) business days after receipt of the Settlement Proceeds, the Trustee shall distribute Six Million and No/100 Dollars ($6,000,000.00) out of the Settlement Proceeds to the Class (the **"Initial Class Distribution"**).

23.    <u>Class Priority Claim</u>. As soon as practicable after the Effective Date, Class Counsel shall provide the Trustee with their calculation of the amount of the claim that they will file on behalf of the Class in the Bankruptcy Cases (the **"Class Priority Claim"**), and, in the absence of specific, identifiable errors in such calculation, the Trustee shall stipulate to such amount. The Class Priority Claim shall be entitled to priority pursuant to 11 U.S.C. § 507(a)(4), and shall be calculated on the basis of Class Members' actual wages, provided that the sum of the Initial Class Distribution and the Class Priority Claim shall in no event exceed the aggregate amount of the Class Members' individual claims that would be entitled to priority under 11 U.S.C. § 507(a)(4). Subject to the Trustee's review and approval as provided in this paragraph, the Settling Parties further stipulate and agree that the Class Priority Claim shall have priority in right of payment to any of the claims of the Former Directors, Kapor-related Entities, Proietti-related Entities, Motley Fool Ventures, and the Participating Insurance Carriers with respect to any distributions made by the Trustee in the Bankruptcy Cases, and agree not to contest the Class Priority Claim, or the amounts and priority thereof, in whole or in part in the Bankruptcy Cases or in any other proceeding.

24.    <u>Qualified Settlement Fund</u>. The Initial Class Distribution and distributions on account of the Class Priority Claim (collectively, the **"Class Payments"**) shall be transferred by the Trustee to a qualified settlement fund to be established by Class Counsel in conformity with Internal Revenue Code §468B (the **"Qualified Settlement Fund"**) pursuant to written instructions provided by Class Counsel.

***Class Counsel Fees and Expenses***

25.    <u>Bankruptcy Court Fee Approval</u>. Class Counsel shall seek Bankruptcy Court approval of Class Counsel's fees and expenses. The Settling Parties agree that they shall not object to the allowance of fees payable out of the Initial Class Distribution, provided that such fees do not exceed thirty percent (30%) of the amount of the Initial Class Distribution plus reasonable expenses. Class Counsel may seek allowance of up to one-third of the amount to be distributed on account of the Class Priority Claim as its fees and expenses, provided that the Settling Parties reserve the right to object to fees with respect to distributions on account of the Class Priority Claim. Any of Class Counsel's fees and expenses allowed by the Bankruptcy Court shall be referred to as the **"Attorneys' Fee Award."** The Attorneys' Fee Award shall be paid solely out of the Qualified Settlement Fund, and Class Counsel shall have no right to payment, either as an administrative expense, unsecured claim, or otherwise, from the Estates for any reason at any time.

Class Counsel's Fees and Class Counsel's Expenses shall constitute payment in full for Class Counsel's work and expenses in connection with this Settlement Agreement or the claims that are the subject matter hereof.

*Class Representative Service Payments*

26.    A one-time payment, subject to Bankruptcy Court Approval, shall be made in the Initial Class Distribution from the Qualified Settlement Fund in the amount of $3,000.00 for each of the Class Representatives and distributed to them as compensation for their services to the Class (**"Service Payments"**).  Any awarded Service Payments shall be characterized as non-employee compensation to the Class Representatives and shall be reported to the Taxing Authorities on behalf of each Class Representative on an IRS Form 1099.

*Administration of Qualified Settlement Fund*

27.    For the sole purpose of implementing this Settlement Agreement and effectuating the Settlement, Class Counsel shall designate and appoint American Legal Claims Services LLC as independent fund administrator (the **"Settlement Administrator"**). In addition to the Class Payments, the Trustee shall pay the invoiced fees and costs incurred by the Settlement Administrator in the administration of the Qualified Settlement Fund in an amount not to exceed $50,000.00. Any fees and costs in excess of $50,000.00 shall be paid solely from the Qualified Settlement Fund and shall be paid prior to any distributions to the Class Members.

28.    Participating Class Members shall receive a pro rata portion of the Qualified Settlement Fund determined as follows:

    a.    The Qualified Settlement Fund shall first be reduced by the amounts paid to the Settlement Administrator and Class Counsel as their Attorney's Fee Award, the Service Payments, and the employers' share of payroll taxes payable with respect to distributions to Class Members.

    b.    The Qualified Settlement Fund shall thereafter be reduced by $75,000 or such other amount as may be allocated to PAGA penalties (the **"PAGA Settlement Amount"**). 75% of the PAGA Settlement Amount shall be distributed to the State of California Labor and Workforce Development Agency and 25% of the PAGA Settlement Amount shall be distributed equally (per capita) among the PAGA Members.

    c.    The balance remaining in the Qualified Settlement Fund, after the reductions provided by paragraph 28.a through 28.b shall be divided on a pro rata basis among all the

members of the Class; provided that no Class Member shall receive payments from the Qualified Settlement Fund in an aggregate amount in excess of the applicable limit under 11 U.S.C. § 507(a)(4), except to the extent that such excess is solely attributable to Service Payments. The number of Class Members for purposes of this distribution shall be determined from the Debtors' books and records.

d.      Settlement Administrator shall be responsible for the mailing of the Initial Class Distribution checks, Class Priority Claim checks, and Service Payment checks to the Class Representatives and Class Members. Class Counsel's (or designees') and Settlement Administrator's addresses will be used as the return address for the Class Notices and for checks mailed to the Class Members, respectively, so that any returned Class Notices or checks will be returned to the sender who shall undertake to determine a current address and remail the Class Notice or check promptly. Any Class Notices or checks that are returned after three unsuccessful mailing attempts shall be deemed undeliverable. Any undeliverable check amounts from the Initial Class Distribution shall be added to the Qualified Settlement Fund and remitted to members of the Class at such time that the Class Priority Clams payment is distributed to members. Any settlement checks from the Class Priority Claim distribution remaining un-cashed for more than one hundred and eighty (180) calendar days after issuance shall be automatically cancelled, at which time the participating Class Member's and/or PAGA Member's claim shall be deemed null and void and of no further force and effect, although the individual shall remain a Class Member and/or PAGA Member bound by this Settlement Agreement and the Final Approval Order.  After 180 calendar days, the aggregate dollar amount of the uncashed checks, plus any interest that has accrued thereon and has not otherwise been distributed, shall be tendered to any Class Member to correct any non-payment due to error, and the remainder remitted to a non-profit entity whose mission is concordant with that of the Class Members in this matter.

e.      All payments will be made to Class Members and PAGA Members as promptly as possible after any Class Payment is received by the Qualified Settlement Fund.

f.      Payments made to PAGA Members will be treated as 1099 PAGA statutory penalty payments, not wage earnings, for which a 1099-MISC will be issued.

*Taxation*

29.    Any employee payroll tax withholdings required by federal, state, or local law (**"Employee Taxes"**) shall be withheld by the Settlement Administrator from the Qualified Settlement Fund and each Class Member shall be issued a Form W-2 reflecting such withholdings. The employer portion of all applicable federal, state, and local taxes, including without limitation, Federal Insurance Contribution Act (**"FICA"**) taxes, as well as any other taxes and unemployment compensation contributions, shall also be withheld by the Settlement Administrator and paid solely from the Qualified Settlement Fund (the **"Employers' Taxes"** and together with the **"Employee Taxes,"** the **"Payroll Taxes"**). All such Payroll Taxes shall be paid promptly to the appropriate taxing authorities. The Settlement Administrator shall be responsible for the reporting of the Payroll Taxes to the appropriate taxing authorities, as well as the provision of Forms W-2 and other required tax reporting forms (including any Form 1099 issued).

*Release of Claims*

30.    Except for obligations under this Settlement Agreement, as of the Effective Date, the Settling Parties, on behalf of themselves and (as applicable) their current and former officers, directors, managers, members, shareholders, general partners, limited partners, employees, advisors, agents, professionals, affiliates, subsidiaries, parents, guarantors, and controlling persons (each in their respective capacities as such), and, in the case of the Class Representatives, on behalf of the Class and all Class Members, and, in the case of the Trustee, on behalf of the Debtors' estates, together with the predecessors, successors and/or assignees of each of the foregoing (**"Releasor,"** or collectively, **"Releasors"**), shall and hereby do release, acquit, and forever discharge each other and every other Settling Party and Releasor from any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, with respect to any conduct, acts, omissions, facts, matters, transactions, oral or written statements, or occurrences arising from or relating in any way to the Debtors' bankruptcies or any of the Debtors or their bankruptcy estates.    This general and mutual release (the **"Release"** or **"Releases"**) expressly includes, but is not limited to, the following:

    a.    All claims and causes of action alleged or threatened in the Nunn Class Actions, the Garza Class Action, and the Scottsdale Lawsuit;

    b.    The Trustee's Claims;

c.      All tort claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, unfair business or trade practices, false advertising, restitution, rescission, unjust enrichment, compensatory and punitive damages, injunctive or declaratory relief, attorney's fees, interests, costs, penalties and any other claims), whether known or unknown, alleged or not alleged, foreseen or unforeseen, suspected or unsuspected, contingent or matured, liquidated or unliquidated, under federal, state or local law, whether by statute, contract, common law or equity, which any Settling Party or Releasor had or now has with respect to any conduct, acts, omissions, facts, matters, transactions or oral or written statements or occurrences arising from or relating in any way to the Debtors' bankruptcies or any of the Debtors or their bankruptcy estates, including but not limited to the Agri Capital Lawsuit and the Additional Lawsuits;

d.      Any and all coverage obligations under or related to the Hanover TPL Policy, the Great American Policy, and the Scottsdale Policy; and

e.      All claims that might otherwise be asserted by or against any Releasor in the Bankruptcy Cases, including claims under Chapter 5 of the Bankruptcy Code.

Collectively, a. through e. are referred to as the "**Released Matters.**"  Notwithstanding the foregoing: (i) the Released Matters do not include, and this Settlement Agreement has no effect on, Claim No. 257, filed by The Mitchell Kapor Foundation (the "**Kapor Foundation**"), a 501(c)(3) charitable organization; and (ii) the Class Members' release shall be limited to (a) claims and causes of action alleged in, arising from, or relating to the Nunn Class Actions, the Garza Class Action, and the PAGA Claims, and (b) all rights to any insurance policy issued by the Participating Insurance Carriers at any time.

31.    Release of Attorneys' Fees. Except as set forth above with respect to Attorneys' Fee Award, the Releases cover any and all claims for attorneys' fees, costs or disbursements incurred by any Settling Party or counsel representing any Settling Party in connection with or related in any manner to the Settled Matters or Released Matters.

32.    Enforcement of Settlement Agreement. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

33.     Scope of Release, California Civil Code §1542. With respect to any and all claims released hereby, each of the Settling Parties stipulates and agrees that, upon the date the Releases provided herein become effective, the Settling Parties shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by law or statute, whether federal, state, municipal, local, tribal, foreign or other, or principle of common law, which are similar, comparable, or equivalent to California Civil Code §1542 (including California Civil Code §1542 itself), which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

It is the intention of the Settling Parties providing the Releases that, notwithstanding the provisions of California Civil Code § 1542 or any similar provisions, rights and benefits conferred by law, and notwithstanding the possibility that the Settling Parties providing the Releases or their counsel may discover or gain a more complete understanding of the facts, events, or law that, if presently known or fully understood, would have affected the decision to enter into this Settlement Agreement, any and all releases of claims, including unknown claims, shall be fully, finally, and forever settled. Each of the Settling Parties acknowledges that the inclusion of unknown claims herein was separately bargained for and was a key and material element of this Settlement Agreement.

34.     Covenant Not to Sue. Following the occurrence of the Effective Date and payment of the Settlement Proceeds, the Settling Parties, including, without limitation, the Trustee and the bankruptcy estates, hereby promise, covenant and agree not to continue, pursue, commence, initiate, file, institute, assert, aid, prosecute, encourage, support, induce, participate in or assist, directly or indirectly, any lawsuit, action, claim or other proceeding of any kind, at any time, against any other Settling Party or Releasor, in any court or administrative proceeding, in any venue, based upon, arising out of, or relating in any way to the Settled Matters and the Released Matters.

***General Terms and Conditions***

35.     Court Approval.  This Settlement Agreement is subject in all respects to the Bankruptcy Court's entry of the Final Approval Order.

36.    Recitals.  The above Recitals and the definitions contained therein are incorporated by reference and shall be deemed substantive parts of this Settlement Agreement.

37.    Press Statement.  Upon filing of the Rule 9019 Motion, any Settling Party may issue its own public statement regarding this Settlement Agreement. After entry of the Preliminary Approval Order, any of the Settling Parties shall be entitled to issue or cause the publication of the joint press statement attached as Exhibit D to this Settlement Agreement.

38.    Entirety.  Except as set forth in the Scottsdale/Hanover Agreement, this Settlement Agreement contains the entire agreement between the Settling Parties. It supersedes any and all prior agreements, arrangements, or understandings between the Settling Parties on all subjects in any way related to the subject matters of this Settlement Agreement. No oral understandings, statements, promises, or inducements contrary to or inconsistent with the terms of this Settlement Agreement exist.

39.    Sophisticated Parties.  The Settling Parties represent and warrant that they are sophisticated and represented by counsel in negotiating this Agreement, are specifically resolving existing disputes, and intend to include "disclaimer of reliance" language necessary to satisfy the requirements for barring fraudulent inducement or misrepresentation claims.  Accordingly, THE PARTIES HEREBY SPECIFICALLY DISCLAIM RELIANCE ON ANY STATEMENTS, REPRESENTATIONS, OR PROMISES MADE BY ANY OF THE PARTIES PRIOR TO THE EXECUTION OF THIS AGREEMENT, except as expressly set forth in this Agreement.

40.    Collectively Drafted.  All terms contained herein are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Settling Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Settling Parties hereto and shall not be construed strictly for or against any Settling Party, and the Settling Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

41.    Voluntary Agreement.  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any Settling Party, or of any other person, firm, or entity. Each Party has made such investigation of the facts pertaining to this Settlement Agreement and of all other matters pertaining hereto as he, she, or it deems necessary.

42.    Separate Investigation.  The Settling Parties acknowledge that they have made their own investigation of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Settling Parties agree that they will not seek to set aside any

part of the Settlement Agreement on the grounds of mistake. Moreover, the Settling Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification or recession by reason of any such difference in facts.

43.    Inurement.  The terms are and shall be binding upon each of the Settling Parties, their administrators, estates, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors, as well as upon all other persons claiming any interest in the subject matter of this Settlement Agreement through any of the Settling Parties, including any Releasor or Class Members.  This Settlement Agreement shall remain binding notwithstanding any dismissal or conversion of the Bankruptcy Cases.

44.    Savings.  If any provision of this Settlement Agreement is held to be illegal, invalid, or unenforceable, under any present or future laws, such provision shall be fully severable and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision never comprised a part hereof; and the remaining provisions hereof shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision.

45.    Authority.  Each of the Settling Parties, and each of the persons signing the Settlement Agreement on behalf of such Settling Party, represents that he, she, or it is fully competent and has the authority necessary to settle all claims released herein and to execute this Settlement Agreement on behalf of the Settling Party for whom he, she, or it signs.

46.    No Waiver.  The waiver by one Settling Party of any breach of this Settlement Agreement by any other Settling Party shall not be deemed a waiver by the waiving Settling Party of any other prior or subsequent breach of this Settlement Agreement or a waiver by any other Settling Party of any breach of the Settlement Agreement.

47.    No Admission.  This Settlement Agreement is intended to be and is a settlement and compromise of a dispute between the Settling Parties, and neither this Settlement Agreement, nor any acts or omissions related thereto, shall constitute an admission or disclaimer of the existence of liability of any kind (other than the liability created by this Settlement Agreement). The Settling Parties agree that nothing in this Settlement Agreement shall constitute or be introduced, treated,

deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except proceedings to enforce or defend the terms hereof.

48.    No Assignment.  Each of the Settling Parties represents and warrants that such Settling Party is the owner of the claims that it releases in this Settlement Agreement, and has not assigned or otherwise transferred, pledged, or hypothecated such claims or any portion thereof to any third party.

49.    Jurisdiction.  Any dispute regarding the interpretation or validity or otherwise arising out of this Settlement Agreement and all orders and judgments entered in connection therewith, or relating to the Settled Matters or the Released Matters, shall be subject to the exclusive jurisdiction of the Bankruptcy Court, and the Settling Parties, Class Members, and PAGA Members all agree to submit to the personal and exclusive jurisdiction of the Bankruptcy Court for the purpose of resolving any such dispute.  Following the Effective Date, the Bankruptcy Court shall retain jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Bankruptcy Court for purposes of interpreting, implementing, and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

50.    Headings.  Headings in this Settlement Agreement are for convenience only and do not constitute a part of this Agreement.

51.    Choice of Law.  The construction, interpretation, operation, effect and validity of this Settlement Agreement, and all documents necessary to effectuate it, shall be governed by the laws of the State of Delaware without regard to conflicts of law, except to the extent that federal law requires that federal law govern.

52.    Cooperation.  The Settling Parties agree to cooperate fully with one another in seeking Bankruptcy Court approval of this Settlement Agreement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Bankruptcy Court of this Settlement Agreement.

53.    No Oral Modification.  This Settlement Agreement may be amended or modified only by a written instrument signed by all signatories hereto (or their successors-in-interest) or their counsel, and a Settling Party shall not be deemed to have waived any provision except by a writing signed by that Settling Party (or its successor-in-interest) or its counsel. Amendments and modifications

may be made without notice to the Class unless such notice is required by law or by the Bankruptcy Court.

54.     Agreement Constitutes a Complete Defense.  To the extent permitted by law, this Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

55.     Signatures.  Signatures by facsimile or in Portable Document Format (PDF), such as through DocuSign, or by other electronic means, shall have the same force and effect as original signatures.

56.     Execution Date and Execution in Counterparts.  This Settlement Agreement shall be deemed executed upon the last date of signature of all of the undersigned.  The Settling Parties may execute this Settlement Agreement in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument having the same force and effect as if all Settling Parties had signed the same instrument.

57.     Notice.  Any notice, demand, or communication required or permitted to be given by any provision of this Agreement shall be in writing and sent by Certified Mail, Return Receipt Requested and email, addressed to each respective Party's counsel, as follows:

| **Jeoffrey Burtch, the Trustee:** | **The Hanover Insurance Company:** |
|---|---|
| Jeoffrey L. Burtch | John E. Feely |
| P.O. Box 549 | Melissa R. Magee |
| Wilmington, DE 19899 | SMITH SMITH & FEELEY LP |
| jburtch@burtchtrustee.com | 1401 Dove Street, Suite 610 |
|          -and- | Newport Beach, CA 92660 |
| Mark E. Felger | jfeeley@insurlaw.com |
| Gregory F. Fischer | mmagee@insurlaw.com |
| Eric D. Freed | **Scottsdale Insurance Company:** |
| COZEN O'CONNOR | Darius N. Kandawalla |
| 1201 N. Market Street, Suite 1001 | Jordan W. Ziolkowski |
| Wilmington, DE 19801 | BAILEY CAVALIERI |
| mfelger@cozen.com | One Columbus |
| gfischer@cozen.com | 10 West Broad Street, Suite 2100 |
| efreed@cozen.com | Columbus, OH 43215 |
| | dkandawalla@baileycav.com |
| | jziolkowski@baileycav.com |

**Nunn Plaintiffs**:

Jack A. Raisner
René S. Roupinian
RAISNER ROUPINIAN LLP
270 Madison Ave., Suite 1801
New York, NY
jar@raisnerroupinian.com
rsr@raisnerroupinian.com

**Paula Pretlow**:

Ramsey W. Fisher
Andrew L. Perito
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
ramseyfisher@mofo.com
aperito@mofo.com

        -and-

Martin E Beeler
Kathrine L. Gutierrez
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
mbeeler@cov.com
kgutierrez@cov.com

        -and-

Frederick B. Rosner
Zhao Liu
THE ROSNER LAW GROUP LLC
824 Market Street, Suite 810
Wilmington, DE 19801
rosner@teamrosner.com
liu@teamrosner.com

**Bethany Mily**:

Philip H. Lo, Esq.
GORDON REES SCULLY MANSUKHANI,
LLP
5 Park Plaza, Ste. 1100
Irvine, CA 92614
plo@grsm.com

**Great American E & S Insurance Company**:

Scott Schechter
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive, 1st Fl
Valhalla, New York 10595
sschechter@kbrlaw.com

**Mitchell Kapor, Kapor Capital, Kapor Capital Partners II, L.P., Kapor Capital Partners III, L.P., and the Kapor Klein Revocable Trust**:

Ramsey W. Fisher
Andrew L. Perito
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
ramseyfisher@mofo.com
aperito@mofo.com

        -and-

Martin E Beeler
Kathrine L. Gutierrez
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
mbeeler@cov.com
kgutierrez@cov.com

        -and-

Frederick B. Rosner
Zhao Liu
THE ROSNER LAW GROUP LLC
824 Market Street, Suite 810
Wilmington, DE 19801
rosner@teamrosner.com
liu@teamrosner.com

**Garza Plaintiffs:**

Roger S. Bonakdar
BONAKDAR LAW FIRM
2344 Tulare Street, Suite 200
Fresno, California 93721
rogerb@BonakdarLawFirm.com

-and-

Brian D. Whelan
WHELAN LAW GROUP
1827 East Fir Avenue, Suite 110
Fresno, California 93720
brian@whelanlawgroup.com

-and-

Elizabeth A. Kramer
Kevin M. Osborne
ERICKSON KRAMER OSBORNE LLP
44 Tehama Street
San Francisco, CA 94105
elizabeth@eko.law
kevin@eko.law

**Ollen Douglass:**

Paul Lackey
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
paul.lackey@stinson.com

-and-

Anthony Cali
Clarissa Brady
STINSON LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
anthony.cali@stinson.com
clarissa.brady@stinson.com

-and-

John D. Demmy
SAUL EWING LLP
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
john.demmy@saul.com

**Motley Fool Ventures LP and Motley Fool Ventures Management LLC:**

Christian D. H. Schultz
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
christian.schultz@arnoldporter.com

-and-

David J. Reis
Matthew R. Diton
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
david.reis@arnoldporter.com
matthew.diton@arnoldporter.com

**Joseph T. Proietti, Nuovo Capital, LLC, and 906 Ventures, LLC:**

Paul Lackey
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
paul.lackey@stinson.com

-and-

Anthony Cali
Clarissa Brady
STINSON LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
anthony.cali@stinson.com
clarissa.brady@stinson.com

-and-

John D. Demmy
SAUL EWING LLP
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
john.demmy@saul.com

*Signature pages to follow*

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement and General Release as of the dates indicated below.

**JEOFFREY BURTCH, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE**

*[signature]*

Date: July 3̶0̶, 2024

**RAISNER ROUPINIAN LLP, ON BEHALF OF THE NUNN PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**WHELAN LAW GROUP, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**BONAKDAR LAW FIRM, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**ERICKSON KRAMER OSBORNE, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**MOTLEY FOOL VENTURES MANAGEMENT LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**MOTLEY FOOL VENTURES LP**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**906 VENTURES, LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**OLLEN DOUGLASS**

_____

Date: July __, 2024

**MITCHELL KAPOR**

_____

Date: July __, 2024

23

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement and General Release as of the dates indicated below.

**JEOFFREY BURTCH, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE**

**RAISNER ROUPINIAN LLP, ON BEHALF OF THE NUNN PLAINTIFFS**

Date: July __, 2024

By: _____

Print Name: _____

Title: _____

Date: July __, 2024

**WHELAN LAW GROUP, ON BEHALF OF THE GARZA PLAINTIFFS**

**BONAKDAR LAW FIRM, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name: _Brian Whelan_

Title: _Attorney_

Date: July _8_, 2024

By: _____

Print Name: _Roger S. Bonakdar_

Title: _Attorney_

Date: July _9_, 2024

**ERICKSON KRAMER OSBORNE, ON BEHALF OF THE GARZA PLAINTIFFS**

**MOTLEY FOOL VENTURES MANAGEMENT LLC**

By: _____

Print Name: _Elizabeth A. Kramer_

Title: _Partner, Counsel for Garza Plaintiffs_

Date: July _18_, 2024

By: _____

Print Name: _____

Title: _____

Date: July __, 2024

**MOTLEY FOOL VENTURES LP**

**906 VENTURES, LLC**

By: _____

Print Name: _____

Title: _____

Date: July __, 2024

**OLLEN DOUGLASS**

By: _____

Print Name: _____

Title: _____

Date: July __, 2024

**MITCHELL KAPOR**

Date: July __, 2024

Date: July __, 2024

Docusign Envelope ID: 68AD4ED3-A6AF-48DE-B1B1-68CD2B29B5DC

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement and General Release as of the dates indicated below.

**JEOFFREY BURTCH, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE**

By: _____

Date: July __, 2024

**RAISNER ROUPINIAN LLP, ON BEHALF OF THE NUNN PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**WHELAN LAW GROUP, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**BONAKDAR LAW FIRM, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**ERICKSON KRAMER OSBORNE, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**MOTLEY FOOL VENTURES MANAGEMENT LLC**

By: _Brendan Matthews_

Print Name:_Brendan Matthews_

Title:_Director_

Date: July 17, 2024

**MOTLEY FOOL VENTURES LP**

By: _Brendan Matthews_

Print Name:_Brendan Matthews_

Title:_Director_

Date: July 17, 2024

**906 VENTURES, LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**OLLEN DOUGLASS**

Date: July __, 2024

**MITCHELL KAPOR**

Date: July __, 2024

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement and General Release as of the dates indicated below.

**JEOFFREY BURTCH, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE**

**RAISNER ROUPINIAN LLP, ON BEHALF OF THE NUNN PLAINTIFFS**

_____

By: _____

Date: July __, 2024

Print Name: Rene S. Roupinian

Title: Partner

Date: July 18, 2024

**WHELAN LAW GROUP, ON BEHALF OF THE GARZA PLAINTIFFS**

**BONAKDAR LAW FIRM, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

**ERICKSON KRAMER OSBORNE, ON BEHALF OF THE GARZA PLAINTIFFS**

**MOTLEY FOOL VENTURES MANAGEMENT LLC**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

**MOTLEY FOOL VENTURES LP**

**906 VENTURES, LLC**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

**OLLEN DOUGLASS**

**MITCHELL KAPOR**

_____

_____

Date: July __, 2024

Date: July __, 2024

24

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement and General Release as of the dates indicated below.

**JEOFFREY BURTCH, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE**

_____

Date: July __, 2024

**RAISNER ROUPINIAN LLP, ON BEHALF OF THE NUNN PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**WHELAN LAW GROUP, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**BONAKDAR LAW FIRM, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**ERICKSON KRAMER OSBORNE, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**MOTLEY FOOL VENTURES MANAGEMENT LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**MOTLEY FOOL VENTURES LP**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**906 VENTURES, LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**OLLEN DOUGLASS**

_____

Date: July __, 2024

**MITCHELL KAPOR**

DocuSigned by:

_Mitchell Kapor_

2E4960360E0E46C

Date: July 29 , 2024

23

Docusign Envelope ID: 8231AAD5-B73A-4B61-A6BB-7C48876ABD79

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement and General Release as of the dates indicated below.

**JEOFFREY BURTCH, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE**

**RAISNER ROUPINIAN LLP, ON BEHALF OF THE NUNN PLAINTIFFS**

_____

By: _____

Date: July __, 2024

Print Name: _____

Title: _____

Date: July __, 2024

**WHELAN LAW GROUP, ON BEHALF OF THE GARZA PLAINTIFFS**

**BONAKDAR LAW FIRM, ON BEHALF OF THE GARZA PLAINTIFFS**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

**ERICKSON KRAMER OSBORNE, ON BEHALF OF THE GARZA PLAINTIFFS**

**MOTLEY FOOL VENTURES MANAGEMENT LLC**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

**MOTLEY FOOL VENTURES LP**

**906 VENTURES, LLC**

By: _____

By: _Joseph Proietti_

Print Name: _____

Print Name: _Joseph Proietti_

Title: _____

Title: _Manager_

Date: July __, 2024

Date: July 23, 2024

**OLLEN DOUGLASS**

**MITCHELL KAPOR**

_Ollen Douglass_

Date: July 23, 2024

Date: July __, 2024

Docusign Envelope ID: 40489E4B-C8B7-409A-8FAE-4A3D78D3F5C0

**JOSEPH T. PROIETTI**                **PAULA PRETLOW**

Date: July __, 2024                 Date: July __, 2024

**BETHANY MILY**                 **KAPOR CAPITAL PARTNERS II, L.P.**

By: _____

Print Name:_____

Date: July __, 2024               Title:_____

Date: July __, 2024

**KAPOR CAPITAL MANAGEMENT CO., LLC**        **KAPOR KLEIN REVOCABLE TRUST**

By: _____

By: _____       Print Name:_____

Print Name:_____    Title:_____

Title:_____       Date: July __, 2024

Date: July __, 2024

**NUOVO CAPITAL, LLC**          **GREAT AMERICAN E & S INSURANCE COMPANY**

By: _____

By: _____       Print Name:_____

Print Name:_____    Title:_____

Title:_____       Date: July __, 2024

Date: July __, 2024

**SCOTTSDALE INSURANCE COMPANY**       **THE HANOVER INSURANCE COMPANY**

By: _____         By: _Philip Pancoast_____

Print Name:_____    Print Name:_Philip Pancoast_

Title:_____       Title: _Director – Major Case Unit East_

Date: July __, 2024                Date: July 23, 2024

**JOSEPH T. PROIETTI**

**PAULA PRETLOW**

_____

_____

Date: July __, 2024

Date: July __, 2024

**BETHANY MILY**

**KAPOR CAPITAL PARTNERS II, L.P.**

_____

By: _____

Date: July __, 2024

Print Name:_____

Title:_____

Date: July __, 2024

**KAPOR CAPITAL MANAGEMENT CO., LLC**

**KAPOR KLEIN REVOCABLE TRUST**

By: _____

Print Name:_____

By: _____

Title:_____

Print Name:_____

Date: July __, 2024

Title:_____

Date: July __, 2024

**NUOVO CAPITAL, LLC**

**GREAT AMERICAN E & S INSURANCE COMPANY**

By: _____

Print Name:_____

By: _____

Title:_____

Print Name:_____

Date: July __, 2024

Title:_____

Date: July __, 2024

**SCOTTSDALE INSURANCE COMPANY**

**THE HANOVER INSURANCE COMPANY**

By: _____

By: _____

Print Name: AARON KLASS

Print Name:_____

Title: Senior Claims Specialist

Title:_____

Date: July 25, 2024

Date: July __, 2024

**JOSEPH T. PROIETTI**

_____

Date: July __, 2024

**BETHANY MILY**

_____

Date: July __, 2024


**KAPOR CAPITAL MANAGEMENT CO., LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**NUOVO CAPITAL, LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**SCOTTSDALE INSURANCE COMPANY**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**PAULA PRETLOW**

_____

Date: July __, 2024

**KAPOR CAPITAL PARTNERS II, L.P.**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**KAPOR KLEIN REVOCABLE TRUST**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**GREAT AMERICAN E & S INSURANCE COMPANY**

By: _Cindy Braun_

Print Name: Cindy Braun

Title: Divisional Assistant Vice President

Date: July 29, 2024

**THE HANOVER INSURANCE COMPANY**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**JOSEPH T. PROIETTI**

**PAULA PRETLOW**

*Paula B. Pretlow*

Date: July __, 2024

Date: July __, 2024

**BETHANY MILY**

**KAPOR CAPITAL PARTNERS II, L.P.**

Date: July __, 2024

By: _____

Print Name: _____

Title: _____

Date: July __, 2024

**KAPOR CAPITAL MANAGEMENT CO., LLC**

**KAPOR KLEIN REVOCABLE TRUST**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

**NUOVO CAPITAL, LLC**

**GREAT AMERICAN E & S INSURANCE COMPANY**

By: _____

Print Name: _____

By: _____

Title: _____

Print Name: _____

Date: July __, 2024

Title: _____

Date: July __, 2024

**SCOTTSDALE INSURANCE COMPANY**

**THE HANOVER INSURANCE COMPANY**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

24

**JOSEPH T. PROIETTI**

**PAULA PRETLOW**

_____

_____

Date: July __, 2024

Date: July __, 2024

**BETHANY MILY**

**KAPOR CAPITAL PARTNERS II, L.P.**

By: _Mitchell Kapor_
    2E4899389E0E48C

_____

Date: July __, 2024

Print Name: Mitchell Kapor

Title: President

Date: July 29, 2024

**KAPOR CAPITAL MANAGEMENT CO., LLC**

**KAPOR KLEIN REVOCABLE TRUST**

By: _Mitchell Kapor_
    2E4050369E0E48C

By: _____

Print Name: Mitchell Kapor

Print Name: _____

Title: President

Title: _____

Date: July 29, 2024

Date: July __, 2024

**NUOVO CAPITAL, LLC**

**GREAT AMERICAN E & S INSURANCE COMPANY**

By: _____

Print Name: _____

By: _____

Title: _____

Print Name: _____

Date: July __, 2024

Title: _____

Date: July __, 2024

**SCOTTSDALE INSURANCE COMPANY**

**THE HANOVER INSURANCE COMPANY**

By: _____

By: _____

Print Name: _____

Print Name: _____

Title: _____

Title: _____

Date: July __, 2024

Date: July __, 2024

Docusign Envelope ID: 8231AAD5-B73A-4B61-A6BB-7C48876ABD79

**JOSEPH T. PROIETTI**

*Joseph Proietti*
DocuSigned by:
16832C38BF634AB...

Date: July 23, 2024

**PAULA PRETLOW**

_____

Date: July ___, 2024

**BETHANY MILY**

_____

Date: July ___, 2024

**KAPOR CAPITAL PARTNERS II, L.P.**

By: _____

Print Name: _____

Title: _____

Date: July ___, 2024

**KAPOR CAPITAL MANAGEMENT CO., LLC**

By: _____

Print Name: _____

Title: _____

Date: July ___, 2024

**KAPOR KLEIN REVOCABLE TRUST**

By: _____

Print Name: _____

Title: _____

Date: July ___, 2024

**NUOVO CAPITAL, LLC**

By: *Joseph Proietti*
DocuSigned by:
16832C38BF896A8...

Print Name: Joseph Proietti

Title: Manager

Date: July 23, 2024

**GREAT AMERICAN E & S INSURANCE COMPANY**

By: _____

Print Name: _____

Title: _____

Date: July ___, 2024

**SCOTTSDALE INSURANCE COMPANY**

By: _____

Print Name: _____

Title: _____

Date: July ___, 2024

**THE HANOVER INSURANCE COMPANY**

By: _____

Print Name: _____

Title: _____

Date: July ___, 2024

**JOSEPH T. PROIETTI**

_____

Date: July __, 2024

**BETHANY MILY**

_____

Date: July __, 2024

**KAPOR CAPITAL MANAGEMENT CO., LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**NUOVO CAPITAL, LLC**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**SCOTTSDALE INSURANCE COMPANY**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**PAULA PRETLOW**

_____

Date: July __, 2024

**KAPOR CAPITAL PARTNERS II, L.P.**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**KAPOR KLEIN REVOCABLE TRUST**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**GREAT AMERICAN E & S INSURANCE COMPANY**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

**THE HANOVER INSURANCE COMPANY**

By: _____

Print Name:_____

Title:_____

Date: July __, 2024

24

**JOSEPH T. PROIETTI**                    **PAULA PRETLOW**

_____           _____
Date: July __, 2024                      Date: July __, 2024
**BETHANY MILY**                         **KAPOR CAPITAL PARTNERS II, L.P.**

_____           By: _____
Date: July 30, 2024                      Print Name:_____
                                         Title:_____
                                         Date: July __, 2024

**KAPOR CAPITAL MANAGEMENT**              **KAPOR KLEIN REVOCABLE TRUST**
**CO., LLC**
                                         By: _____
By: _____           Print Name:_____
Print Name:_____    Title:_____
Title:_____         Date: July __, 2024
Date: July __, 2024
**NUOVO CAPITAL, LLC**                    **GREAT AMERICAN E & S INSURANCE**
                                         **COMPANY**

By: _____
Print Name:_____    By: _____
Title:_____         Print Name:_____
Date: July __, 2024                      Title:_____
                                         Date: July __, 2024

**SCOTTSDALE INSURANCE**                  **THE HANOVER INSURANCE**
**COMPANY**                               **COMPANY**

By: _____           By: _____
Print Name:_____    Print Name:_____
Title:_____         Title:_____
Date: July __, 2024                      Date: July __, 2024

**KAPOR CAPITAL PARTNERS III, L.P.**

By: _Uriridiakoghene Onovakpuri_____

Print Name: Uriridiakoghene Onovakpuri_____

Title: Managing Partner_____

Date: July 30, 2024

**Exhibit A  - Final Approval Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BW Industries Inc. *et al.*,[1] | ) | Case No. 23-10844-MFW |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## FINAL ORDER APPROVING
## SETTLEMENT AGREEMENT AND GRANTING RELATED RELIEF

The Court has considered the joint motion of Jeoffrey L. Burtch, in his capacity as Chapter 7 Trustee in the cases of BW Enterprises, Inc. and its affiliated Debtors (the "Trustee"), Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, Neptali Montez, Andre Nunn, Kaila Webb, and Kasandra Jimenez (the "Class Representatives"), on behalf of themselves and on behalf of similarly situated class members (together with the Class Representatives, and excluding eligible members who timely elected to not be included, the "Class Members" or "Class") for an order approving the proposed Settlement Agreement and General Release among: (1) the Trustee; (2) the Class Representatives; (3) Ollen Douglass, Mitchell Kapor, Paula Pretlow, and Joseph Proietti (collectively, the "Non-Management Directors"); (4) Kapor Capital Management Co. LLC, Kapor Capital Partners II, L.P., Kapor Capital Partners III, L.P., and the Kapor Klein Revocable Trust; (5) 906 Ventures, LLC and Nuovo Capital, LLC; (6) Motley Fool Ventures Management LLC and Motley Fool Ventures LP; (7) Scottsdale Insurance Company, Great American E&S Insurance Company, and The Hanover Insurance Company (collectively, the "Participating Insurance Carriers"); and (8) Bethany Mily (all of the foregoing shall be referred to,

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): BW Industries Inc. (23-10844-MFW); Bitwise Industries, Inc. (23-10845-MFW); BWRD, LLC (23-10846-MFW); Alpha Works Technologies, LLC (23-10847-MFW); Bruce's Bagels, Beverages, and Bites, LLC (23-10848-MFW).

collectively, as the "Settling Parties") (the "Settlement Agreement").[2]  A true and correct copy of the

Settlement Agreement is attached hereto as **Exhibit A**.

The Court finds:

A.     The Class Representatives filed the following actions asserting claims under the

Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act")

and various state laws:

> 1.  The federal civil action styled as *Nunn et al. v. Bitwise Industries, Inc., et al.*, Case No. 23-00867-ADA-SAB, E.D. Ca.), which remains pending in the United States District Court for the Eastern District of California;
>
> 2.  The state civil action styled as *Pedro Garza, et al. v. BW Industries, Inc., et al.*, (Case No. 23CECG0208, Sup. Ct. of Cal., County of Fresno), which remains pending in the Superior Court of the State of California, Fresno County; and
>
> 3.  The adversary proceeding styled as *Nunn, et al. v. Bitwise Industries, Inc., et al.*, (Adv. Pro. No. 23-50425-MFW, Bankr. D. Del.), which remains pending in this Court.

(collectively, the "WARN Actions").

B.     The Court entered an Order on [_____, **2024**], certifying the Class, approving

the Settlement Agreement on a preliminary basis, and approving the form and manner of notice of

Class certification and the Settlement Agreement and the deadline for opting out of the Class and

filing objections to the Settlement Agreement to be given to all individuals eligible to be members

of the Class.

C.     Due notice of the Settlement Agreement has been given to all creditors and all

individuals eligible to be members of the Class of the right to opt-out of the Class or object to the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

proposed Settlement Agreement and the right to appear in person or by counsel at the Fairness Hearing; and no other or further notice is required and such notice is deemed proper and sufficient under the circumstances.

D.      All Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement.

E.      The terms of the Settlement Agreement are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure. The Court finds that: (i) the recovery that the Estates will realize on account of the Settled Matters and Released Matters are within the range of reasonably foreseeable recoveries in the event of litigation of such claims; (ii) recoveries for the Class are at the high end of the range of reasonably foreseeable recoveries in the event of litigation of such claims and in the absence of the settlement of the Settled Matters and Released Matters; and (iii) the costs of litigation would be high because fact issues predominate and the matters resolved through the Settlement Agreement would not likely be resolved early through motions to dismiss.

F.      There are no valid, enforceable, duly perfected security interests or liens of any type that would encumber any of the Estates' claims against the Settling Parties, and the Court finds and concludes that all amounts paid to the Trustee pursuant to the Settlement Agreement shall become property of the Estates, free and clear of any liens or other interests.

G.      All of the Settled Matters and any other claims based on harm to the Debtors or generalized harm of the sort that could be asserted by any creditor (including, but not limited to, claims asserted against the Non-Management Directors in the Agri Capital Lawsuit) are property of the Estates, and the Trustee has sole and exclusive authority to settle such claims.

H.      The terms of the Settlement Agreement, including those related to the settlement of the Settled Matters and Released Matters, the settlement of the Trustee and the Estates' claims, and the mutual releases, are fair and reasonable, and in the best interests of the Estates and creditors.

I.      The terms of the Settlement Agreement as it relates to the Class Members' claims are also appropriate and in the best interests of the Estates, Class Members, and creditors generally under Bankruptcy Rule 9019.

J.      The Settlement Agreement was negotiated at arm's-length and in good faith, and is fair, equitable, and in the best interest of the Estates.

K.      Good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement is APPROVED.

2.      The Trustee is authorized to settle and fully release any and all claims of the Debtors and the Debtors' Estates as set forth in the Settlement Agreement.

3.      Upon the Effective Date of the Settlement Agreement, the Settling Parties are authorized and directed to implement the terms of the Settlement Agreement, make the payments required thereunder, and otherwise perform in accordance with the Settlement Agreement.

4.      Upon the Effective Date of the Settlement Agreement, except for the rights arising out of, provided for, or reserved in the Settlement Agreement, the Settling Parties, on behalf of themselves and (as applicable) their current and former officers, directors, managers, members, shareholders, general partners, limited partners, employees, advisors, agents, professionals, affiliates, subsidiaries, parents, guarantors, and controlling persons (each in their respective

capacities as such), and, in the case of the Class Representatives, on behalf of the Class and all

Class Members, and, in the case of the Trustee, on behalf of the Debtors and the Estates, together

with the predecessors, successors, and/or assignees of each of the foregoing (each, a "Releasor,"

and, collectively, the "Releasors") shall be conclusively deemed to have fully and forever released,

acquitted, and forever discharged each other and every other Party and Releasor from the Settled

Matters and the Released Matters as set forth in the Settlement Agreement, and their respective

current and former shareholders and investors, subsidiaries and affiliated entities, any potential

"single employer" under the WARN Act, and their respective officers, directors, shareholders,

agents, employees, partners, members, accountants, attorneys, representatives, and other agents,

and all of their respective predecessors, successors, and assigns, of and from any and all claims,

demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses,

attorneys' fees, and damages of whatever kind or nature, at law, in equity and otherwise, whether

known or unknown, anticipated, suspected, or disclosed, that any Party may now have or hereafter

may have against any other Party, including, but not limited to, those related to or are based on

back or severance pay or benefits under any federal, state, or local law or regulation arising out of

the termination of the Class Members' employment by the Debtors, including, but not limited to:

(i) all claims asserted or that could have been asserted in the WARN Actions; and (ii) any other

claims for back or severance pay or benefits based on or arising out of any federal, state, or local

statute, ordinance or regulation; *provided, however*, that the following claims and/or rights shall

not be released: (a) any claims for continuation of health or medical coverage, at the Class

Member's expense, or at the expense of a beneficiary or dependent of a Class Member, to the

extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget

Reconciliation Act of 1985; (b) any prepetition claims arising out of obligations of the Debtor

unrelated to the WARN Act, or back or severance pay or benefits; and (c) rights, if any, unrelated to Class Members' claims under the WARN Act, under the Debtors' 401(k) plans. The claims released above are referred to as the "Released Claims."

5.      As of the Effective Date of the Settlement Agreement, any claims that have been filed by the Class Representatives or the Class Members, on account of any alleged violation of the WARN Act or for severance pay or benefits under any federal, state, or local law or regulation, are disallowed in their entirety and shall be deemed expunged from the claims register.  In addition, each Party shall be deemed as of the Effective Date to have released the Class Representatives from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Class Representatives, any successors or assignees to their legal interests, or any of their present or former agents, attorneys, or consultants arising out of any Released Claim or the terms of the Settlement Agreement.

6.      Stipulations for dismissal with prejudice of the WARN Actions shall be executed in forms agreeable to the Settling Parties and filed within fourteen (14) days following the Effective Date, or such other date as may be ordered by any court with jurisdiction over the relevant WARN Action.

7.      All amounts paid to a Class Member pursuant to the terms of the Settlement Agreement shall be deemed a recovery by such Class Member under 11 U.S.C. § 507(a)(4). In no event shall any Class Member receive aggregate distributions under or by reason of the Settlement Agreement in an amount that is greater than the priority amount allowable under 11 U.S.C. § 507(a)(4), except to the extent of any recovery on account of a general unsecured, non-priority claim, or, in the case of the Class Representatives, Service Payments.

8.      Within 30 days after the close of each calendar quarter, Class Counsel shall provide the other Settling Parties with a report of distributions made to the Class Members. Following the occurrence of the Effective Date, the Settling Parties and the Releasors, including, without limitation, the Trustee and the Estates, shall not, and are prohibited and enjoined from, continuing, pursuing, commencing, initiating, filing, instituting, asserting, aiding, prosecuting, encouraging, supporting, inducing, participating in or assisting, directly or indirectly, any lawsuit, action, claim or other proceeding of any kind, at any time, against any other Party or Releasor, in any court or administrative proceeding, in any venue, based upon, arising out of, or relating in any way to the Settled Matters and the Released Matters.

9.      All persons or entities who hold or assert, or may in the future hold or assert, any claim against any insured party arising in connection with any activities covered or potentially covered by any of the policies identified and defined in the Settlement Agreement, specifically (i) the Great American Policy, (ii) the Hanover TPL Policy, and (iii) the Scottsdale Policy (each, a "Policy," collectively the "Policies"), or in connection with any insured party's activities giving rise to the claims made or to be made under any of the Policies, and any other person or entity who may claim to be an insured, additional insured, or otherwise entitled to any benefit or recovery, directly or indirectly, from or under any of the Policies, are permanently stayed, restrained, and enjoined from asserting any such claim, right or entitlement, commencing a proceeding, or taking any other action against any of the Participating Insurance Carriers for the purpose of obtaining any recovery under any of the Policies.

10.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order, except to the extent that

approval of the Settlement Agreement is required by the other courts with jurisdiction over the WARN Actions.

So ordered:   _____, 2024

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B – Preliminary Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BW Industries Inc. *et al.*,[1] | ) | Case No. 23-10844-MFW |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANK. P. 7023 AND 9019: (I) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT; (II) CERTIFYING A CLASS OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES; (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT; (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT; AND (VI) GRANTING RELATED RELIEF**

The Court has considered the joint motion of Jeoffrey L. Burtch, in his capacity as Chapter 7 Trustee in the cases of BW Enterprises, Inc. and its affiliated Debtors (the "Trustee"), Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, Neptali Montez, Andre Nunn, Kaila Webb, and Kasandra Jimenez (the "Class Representatives"), on behalf of themselves and on behalf of similarly situated class members (together with the Class Representatives, and excluding eligible members who timely elect to not be included as provided herein, the "Class Members" or "Class") for the entry of orders: (a) approving the Settlement Agreement and General Release (the "Settlement Agreement")[2] among: (1) the Trustee; (2) the Class Representatives; (3) Ollen Douglass, Mitchell Kapor, Paula Pretlow, and Joseph Proietti (collectively, the "Non-Management Directors"); (4) Kapor Capital

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): BW Industries Inc. (23-10844-MFW); Bitwise Industries, Inc. (23-10845-MFW); BWRD, LLC (23-10846-MFW); Alpha Works Technologies, LLC (23-10847-MFW); Bruce's Bagels, Beverages, and Bites, LLC (23-10848-MFW).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

Management Co., LLC, Kapor Capital Partners II, L.P., Kapor Capital Partners III, L.P., and the Kapor Klein Revocable Trust; (5) 906 Ventures, LLC and Nuovo Capital, LLC; (6) Motley Fool Ventures Management LLC and Motley Fool Ventures LP; (7) Scottsdale Insurance Company, Great American E&S Insurance Company, and The Hanover Insurance Company (collectively, the "Participating Insurance Carriers"); and (8) Bethany Mily (all of the foregoing shall be referred to, collectively, as the "Settling Parties"), pursuant to Bankruptcy Rule 9019, (b) certifying the Class for settlement purposes only, appointing the law firms of Raisner Roupinian LLP, Erickson Kramer Osborne, Whelan Law Group and Bonakdar Law Firm as class counsel ("Class Counsel"), appointing Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, Neptali Montez, Andre Nunn, Kaila Webb, and Kasandra Jimenez as Class Representatives and preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (c) approving the form and manner of notice to Class Members of the conditional class certification and settlement, (d) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, and (f) granting related relief (the "Joint Motion"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**.

The Court finds that:

A.      The Class Representatives filed the following actions asserting claims under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. (the "WARN Act") and various state laws:

> 1.  The federal civil action styled as *Nunn et al. v. Bitwise Industries, Inc., et al.*, Case No. 23-00867-ADA-SAB, E.D. Ca.), which remains pending in the United States District Court for the Eastern District of California;

2

2. The state civil action styled as *Pedro Garza, et al. v. BW Industries, Inc., et al.*, (Case No. 23CECG0208, Sup. Ct. of Cal., County of Fresno), which remains pending in the Superior Court of the State of California, Fresno County; and

3. The adversary proceeding styled as *Nunn, et al. v. Bitwise Industries, Inc., et al.*, (Adv. Pro. No. 23-50425-MFW, Bankr. D. Del.), which remains pending in this Court.

(collectively, the "WARN Actions").

B.     On [_____, **2024**], the notice of the Joint Motion ("Notice") was served by first class mail on the parties listed on the proof of service of the Notice filed with the Court.

C.     The Notice given constituted the best notice practicable under the circumstances and is adequate, and no other notice need be given.

D.     An adequate opportunity has been offered to the parties-in-interest to participate in the hearing on the Joint Motion.

E.     For purposes of the Settlement Agreement and related matters raised in the Joint Motion: (a) Class Counsel has had extensive experience handling class action WARN litigation and has been appointed class counsel in over one hundred and fifty (150) employment law class action cases, including many class actions asserting claims under the WARN Act; and (b) the Class Representatives do not have interests that are materially adverse to those of the Class.

F.     For the purposes of the Settlement Agreement and related matters raised in the Joint Motion: (a) the Class, consisting of over 700 potential Class Members, is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the Class Representatives are typical of Class Members generally; (d) Class Counsel has fairly and adequately protected the interests of the Class; (e) questions of law or fact common to the Class Members predominate over any questions affecting only the individual Class Members; and (f) the class settlement mechanism is superior to other available methods of

resolving the claims released in the Settlement Agreement. Therefore, pursuant to Civil Rules 23(a) and (b)(3) and Bankruptcy Rule 7023, the Class should be certified for settlement purposes only.

G.      The Class shall consist of all persons who: (a) were employed by the Debtors; (b) suffered an "employment loss," as that term is defined in 29 U.S.C. § 2101(a)(6) and 20 C.F.R. § 639.3(f), on, or within thirty (30) days of, May 29, 2023, as part of a "plant closing" or "mass layoff," as those terms are defined in 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(b)-(c), as the reasonably foreseeable consequence of a "plant closing" or "mass layoff" occurring on or about May 29, 2023; (c) meet the definition of "affected employee" as set forth in 29 U.S.C. § 2101(a)(5) and 20 C.F.R. § 639.3(e); and (d) do not file a timely request to opt out of the Class.

H.      Notice should be given to all of the eligible Class Members, affording them the opportunity to opt-out of the Class or object to approval of the Settlement Agreement.

I.      Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

J.      The Settlement Agreement should be approved on a preliminary basis.

K.      Notice to all individuals by first class mail, postage prepaid, at their last known address as indicated in the records of the Debtor (and as updated by Class Counsel's searches for current addresses or as may otherwise be reasonably determined) is reasonable and the best notice practicable under the circumstances and such mailing shall be made by Class Counsel within fifteen (15)  days following the entry of this Order.

L.      Notice to all creditors who are not Class Members in the form attached to the Joint Motion as Exhibit 3 (the "General Notice") by first class mail, postage prepaid, at their last known

address as indicated in the records of the Debtor or proofs of claim or other documents filed with this Court (and as may be updated by searches by the Trustee and Class Counsel for current addresses or as may otherwise be reasonably determined) is reasonable and the best notice practicable under the circumstances and such mailing shall be made by the Trustee within fifteen (15) days following the entry of this Order.

M.    The contents of the Class Notice (the "Class Notice") form annexed to the Settlement Agreement as Exhibit B meet the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Class Notice states the nature of the WARN Actions, and the issues and potential defenses relevant to such actions. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Class Notice summarizes the terms of the Settlement Agreement, the right of each eligible Class Member to opt-out of the Class or object to the Settlement Agreement, the right of each eligible Class Member to appear either *pro se* or by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the eligible Class Members that the Settlement Agreement provides for the release of the Released Matters (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees and expenses. *See* FED. R. CIV. P. 23(h).

N.    The Fairness Hearing should be held no sooner than sixty (60) days after service of the Class Notice, so that eligible Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Joint Motion, to decide whether to opt out of the Class, or to object to approval of the Settlement Agreement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

O.    Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Joint Motion is GRANTED to the extent set forth herein.

2.    The Settlement Agreement is hereby approved on a preliminary basis.

3.    The Class comprised of all persons who:

    a.    were employed by the Debtors in the United States;

    b.    suffered an "employment loss," as that term is defined in 29 U.S.C. § 2101(a)(6) and 20 C.F.R. § 639.3(f), on, or within thirty (30) days of, May 29, 2023, as part of a "plant closing" or "mass layoff," as those terms are defined in 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(b)-(c), as the reasonably foreseeable consequence of a "plant closing" or "mass layoff" occurring on or about May 29, 2023;

    c.    meet the definition of "affected employee" as set forth in 29 U.S.C. § 2101(a)(5) and 20 C.F.R. § 639.3(e); and

    d.    do not file a timely request to opt out of the Class,

is hereby certified for settlement purposes only, pursuant to Civil Rules 23(a) and (b)(3), made applicable to the Joint Motion by operation of Bankruptcy Rule 7023, with respect to all claims released pursuant to the Settlement Agreement.

4.    Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, Neptali Montez, Andre Nunn, Kaila Webb, and Kasandra Jimenez are hereby appointed Class Representatives.

5.    The law firms of Raisner Roupinian LLP, Erickson Kramer Osborne, Whelan Law Group, and Bonakdar Law Firm are hereby appointed as Class Counsel.

6.    The form of the Class Notice and the service of the Class Notice by Class Counsel by first class mail, postage prepaid, to each individual identified at his or her last known address

contained in the Debtor's records (as updated by the Trustee and Class Counsel's searches for current addresses or as may otherwise be reasonably determined) is hereby approved.

7.    The form of the General Notice and the service of the General Notice by the Trustee by first class mail, postage prepaid, to all creditors who do not receive the Class Notice at his or her last known address as indicated in the records of the Debtors or proofs of claim or other documents filed with this Court (and as updated by the Trustee and Class Counsel's searches for current addresses or as may otherwise be reasonably determined) is hereby approved.

8.    Objections or other responses to final approval of the Settlement Agreement are to be filed with the Clerk of the Court and mailed to the parties listed in the Class Notice and the General Notice, so that they are filed and received by no later than **[November 15, 2024]**. Objections or other responses must be in writing and must set forth the basis for any such objection or other response to the Settlement Agreement.

9.    Should a Class Member choose not to be bound by the Settlement, his or her completed and executed Opt-Out Notice Form (substantially in the form incorporated in the Class Notice) must be mailed to Class Counsel as provided in the Class Notice. The Opt-Out Notice Form must be postmarked by no later than **[November 8, 2024]**. Opt-Out Notice Forms postmarked after that date will not be effective.

10.    The Court shall conduct the Fairness Hearing on **[November 20, 2024 at 2:00 p.m.]** The Court may adjourn the Fairness Hearing without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

11.     This Court retains jurisdiction to construe, interpret, enforce, and implement the

Settlement Agreement and this Order.

Dated: _____, 2024

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

**Exhibit C – Class Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BW Industries Inc. *et al.*,[1] | ) | Case No. 23-10844-MFW |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF PROPOSED OF CLASS SETTLEMENT,
DATE AND TIME OF FINAL FAIRNESS HEARING, AND
RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT**

PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.

**TO:**   The former employees of any one or more of the following: BW Industries Inc.; Bitwise Industries, Inc.; BWRD, LLC; Alpha Works Technologies, LLC; and Bruce's Bagels, Beverages, and Bites, LLC (collectively, the "**Debtors**"), who were involuntarily terminated without cause on or about May 29, 2023 or June 14, 2023 and who did not receive at least 60 days' written notice in advance of their permanent terminations.

**SUBJECT:**   On June 28, 2023 (the "**Petition Date**"), the Debtors filed petitions commencing cases (the "**Bankruptcy Cases**") under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Following negotiations among a number of parties representing various interests, including those of former employees of the Debtors, the Trustee appointed in the Bankruptcy Cases (the "**Trustee**") and the Class Representatives (as identified below) have filed a motion for approval of their settlement of claims under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "**WARN Act**") and similar federal, state, and local laws.

**FORMER EMPLOYEES WHO ARE ELIGIBLE TO BE MEMBERS OF
THE CLASS WISHING TO PARTICIPATE IN THE SETTLEMENT AND
POTENTIALLY RECEIVE MONEY, DO NOT NEED TO DO ANYTHING**

**Introduction**

The following class actions have been filed on behalf of proposed classes made up of some or all of the Debtors' former employees:

1. The federal civil action styled as *Nunn et al. v. Bitwise Industries, Inc., et al.*, Case No. 23-00867-ADA-SAB, E.D. Ca.), which remains

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): BW Industries Inc. (23-10844-MFW); Bitwise Industries, Inc. (23-10845-MFW); BWRD, LLC (23-10846-MFW); Alpha Works Technologies, LLC (23-10847-MFW); Bruce's Bagels, Beverages, and Bites, LLC (23-10848-MFW).

pending in the United States District Court for the Eastern District of California;

2. The state civil action styled as *Pedro Garza, et al. v. BW Industries, Inc., et al.*, (Case No. 23CECG0208, Sup. Ct. of Cal., County of Fresno), which remains pending in the Superior Court of the State of California, Fresno County; and

3. The adversary proceeding styled as *Nunn, et al. v. Bitwise Industries, Inc., et al.*, (Adv. Pro. No. 23-50425-MFW, Bankr. D. Del.), which remains pending in the Bankruptcy Court.

(all of these lawsuits will be referred to as the "**WARN Actions**," and the proposed classes of employees in each will be referred to as the "**Class**"). The parties to the W A R N  A c t i o n s have reached an agreement on terms of a proposed settlement, which are set forth in a settlement agreement (the "**Settlement  Agreement**"), under which, among other things, the Class Representatives, Class Members, and Class Counsel (each  as defined below) would receive payments.

The Bankruptcy Court has preliminarily approved the Settlement Agreement and ordered that this Notice be sent to all individuals whose rights may be affected by the Settlement Agreement before the Court grants final approval.

You are receiving this Notice because you have been identified as a potential member of the Class. This Notice informs you of the developments in the W A R N  A c t i o n s; explains what a class action  is and who is eligible to be a member of the Class in this case; summarizes the principal terms of the settlement; and explains  your  rights  with respect to certification of  t h e  C lass certification (including your right to opt of out of the Class) and the Settlement Agreement (including your right to file objections to it).

## The WARN Actions

Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, Neptali Montez, Andre Nunn, Kaila Webb, and Kasandra Jimenez (together the "**Class Representatives**"), i n d i v i d u a l l y  a n d  on behalf of other similarly situated former employees of the Debtors, filed the WARN Actions to assert that they  were  terminated without cause due to mass layoffs and/or permanent  plant closings carried out on or about May 29, 2023. The Class Representatives claim that, under the WARN Act, they were entitled to receive written notice sixty (60) days in advance of the termination of their employment. The Class Representatives contend that e m p l o y e e s  did not receive proper notice and that they are therefore entitled to an award of sixty (60) days' wages and benefits, and the Debtors' bankruptcy estates (the "**Estates**"), and certain others, are therefore, liable for the damages alleged in the WARN Actions. Among the other parties who were named as defendants in the WARN Actions are certain individuals who served as directors of the Debtors (the "**Non-Management Directors**").

### Negotiations and Disputed Issues

Since the filing of the Bankruptcy Cases, the Trustee, the Class Representatives, the Non-Management Directors, and others parties to the Settlement Agreement (collectively, the "**Parties**") have conducted a substantial investigation of the facts and documents concerning the events preceding the shut-down of Debtors' business operations. Following a reasonable period of time for investigation, the Parties participated in mediation to attempt to resolve a wide range of claims, including the claims asserted in the WARN Actions and claims that the Trustee might assert against the Non-Management Directors on behalf of the Estates.

The Non-Management Directors have argued, in part, that there are no grounds on which they can be held personally liable for claims of the type asserted in the WARN Actions. The Trustee and others have argued that certain exceptions to the WARN Act protected the Estates from liability, including, but not limited to, the "unforeseeable business circumstances" exception, and on grounds a number of courts to consider whether employees working at sites with less than fifty (50) employees are entitled to WARN Act damages, have held that such employees are not covered by the WARN Act. The Class Representatives have argued that those do not constitute valid defenses under the circumstances of the Debtors' operations and closure and have further argued that the Estates (among others) also have liability under a number of state laws that do not contemplate or provide for defenses that might be available for claims under the WARN Act.

### What is a Class Action and Who Is Involved?

In a class action lawsuit, one or more individual representatives sue on behalf of themselves and other people who have similar claims. The representative(s) and those who have similar claims are called a "class" or "class members." The companies and individuals that are sued are called the defendant(s). One court resolves the issues for everyone in the class in a single lawsuit. The class members' claims are legally and factually similar, and, as such, resolving those claims through a class action can be more efficient than having many individual lawsuits.

### Who is a Class Member?

On [_____, 2024], the Court certified a class (the "**Class**") in this case for settlement purposes only. That means that the Parties have agreed that a Class exists so they can settle various disputes, including those at issue in the WARN Actions. If the settlement does not become final for any reason, however, the Class Representatives may have to prove that one or more classes should be recognized, and the Trustee or others may argue that such class(es) should not be recognized. Additionally, the Class Representatives must still demonstrate that the Class meets all of the requirements for a class under federal law.

For these purposes, the Bankruptcy Court has decided that the Class includes the Class Representatives and any other former employee of the Debtor who was terminated on May 29, 2023, or shortly thereafter (with the exception of those who opt out (as discussed below), such former employees shall be called the "**Class Members**").

3

**No Admission of Liability**

The Trustee on behalf of the Estates and the other Parties have agreed to the proposed Class solely for settlement purposes. This Notice shall not be read or interpreted as an admission of liability by the Trustee, the Debtors, the Non-Management Directors, or any other Party. To the contrary, all Parties have preserved all of their defenses in the WARN Actions.

**Class Counsel**

The Class Representatives and the Class are represented by Jack Raisner and René Roupinian of the law firms of Raisner Roupinian LLP , Kevin Osborne and Elizabeth Kramer of the law firm of Erickson Kramer Osborne, Brian Whelan of Whelan Law Group and Roger Bonakdar of Bonakdar Law Firm ("**Class Counsel**").

**The Settlement and the Final Fairness Hearing**

The Parties recently agreed to the terms of the Settlement Agreement that, with the Bankruptcy Court's final approval would resolve and finally settle all claims asserted in the WARN Actions, claims that the Estates have against the Non-Management Directors, and other related claims and rights.

You may request a copy of the Settlement Agreement by contacting Class Counsel, through the contact information provided below. The information below explains the principal terms of the Settlement Agreement. This Notice, however, only includes a summary, and the terms as set forth in the Settlement Agreement control if there is any inconsistency.

Under the Settlement Agreement:

- Certain parties will pay the amount of $20 million in exchange for a release of: (a) all of the Estates' claims against the Settling Parties (as defined in the Settlement Agreement), including, without limitation, breach of fiduciary duty claims; and (b) all claims asserted in the WARN Actions and any similar or related claims.

- The Parties agree to seek certification of Class.

- All of the individual employees who were employed by the Debtors as of May 29, 2023, shall be classified as the "**Class.**" The Class will be entitled to receive an immediate payment in the amount of $6 million (the "**Initial Class Distribution**"), and also to an allowed priority claim in an amount to be determined by Class Counsel, and subject to review by the Trustee, in the Bankruptcy Cases (the "**Class Priority Claim**," and, with the Initial Class Distribution, the "**Class Settlement Amount**").

- The Class Settlement Amount shall be paid into to a qualified settlement fund to be established by Class Counsel in conformity with Internal Revenue Code §468B (the "**Common Fund**").

- The Class Priority Claim will be entitled to priority under Section 507(a)(4) of the Bankruptcy Code. The claim's priority status means that it has to be paid in full before any claims that do not have higher priority receive anything. The Trustee believes that the only claims that will have higher priority than the Class Priority Claim are administrative expense claims, which are claims that arise during the course of a bankruptcy case, such as the fees of the Trustees' attorneys and the expenses associated with mediation of the claims that would be resolved under the Settlement Agreement.

- Amounts paid for the benefit of the Class shall be distributed as provided below. All amounts paid to a Class Member from the Class Settlement Amount shall be deemed a recovery under Section 507(a)(4) of the Bankruptcy Code, the priority statute discussed above. The amount of any claim that is entitled to priority treatment under Section 507(a)(4) is $15,150. In no event shall any Class Member receive more than $15,150 from the Class Settlement Amount.

- The Class Members will be deemed to have agreed to release the other Settling Parties from any and all claims asserted in the WARN Actions and any similar or related claims.

- American Legal Claims Services LLC as independent fund administrator shall have responsibility for administering the payments for the benefit of all Class Members. None of the other Parties shall have any responsibility or obligation with respect to the apportionment and allocation of payments among the Class Members.

- Class Counsel will file a motion seeking Court approval for attorneys' fees of up to 30% of the Initial Class Distribution and up to one-third of amounts distributed on account of the Class Priority Claim. All other Parties have agreed that they will not oppose Class Counsel's request for a fee from the Initial Class Distribution, but all Parties have the right to object to fees that would be paid from the Class Priority Claim.

- The settlement is contingent on the total number of the former employees exercising their right to opt-out of the settlement being less than ten percent (10%) of the number of people eligible to be members of the Class. If ten percent (10%) or more of the eligible members opt-out, the Parties will have the option to terminate the Settlement Agreement.

- The Settlement Agreement will become effective only after: (1) the Bankruptcy Court and the other courts with jurisdiction over the WARN Actions enter orders finally approving the Settlement Agreement or otherwise dismissing the WARN Actions with prejudice; and (2) each of the approval orders is either affirmed on appeal, the last remaining appeal challenging it is dismissed with prejudice, or, if no appeal is filed, the time for filing an appeal has expired.

- If the Settlement Agreement is not approved, the Parties expressly reserve all defenses, privileges, counterclaims, and other rights in and related to the WARN Actions and other claims that would be settled under the Settlement Agreement.

- <u>Deductions from the Common Fund</u>: Prior to distributions to the respective Class Members, the amounts listed below will be deducted from the Common Fund. Because there may be multiple distributions, some of the deductions will be on a percentage basis of each distribution (i.e., attorney's fees) while others will be on an actual cost basis (i.e., cost of a third-party administration).

    (a) Service payments of $3,000 to each of the Class Representatives (the "**Class Representative Fees**").

    (b) Up to 30% of the amount of the Initial Class Distribution and up to one-third of the amount distributed on account of the Class Priority Claim for Class Counsel's fees, plus reimbursement of expenses.

    (c) The PAGA Settlement Amount, as defined in the Settlement Agreement, and the proposed amount of which is $75,000.

    (d) The employers' share of payroll taxes payable with respect to distributions to Class Members.

    (e) The costs of administration of the Common Fund and distribution of the Class Settlement Amount to the extent such costs exceed $50,000.

The Bankruptcy Court has preliminarily approved the Settlement Agreement for the purposes of notifying all Class Members, but the Settlement Agreement will not take final effect unless and until the Bankruptcy Court decides, at a Final Fairness Hearing, that it is a fair and reasonable, and the other courts with jurisdiction over the WARN Actions have entered approval orders as provided above. The Bankruptcy Court will conduct the Final Fairness Hearing on **[November 20, 2024 at 2:00 p.m.]** in the U.S. Bankruptcy Court, District of Delaware, 824 North Market Street, 5$^h$ Floor, Courtroom No. 4, Wilmington, Delaware 19801. If the Bankruptcy Court decides not to approve the Settlement Agreement at the Final Fairness Hearing, or any other required order is not entered, nothing in the Settlement Agreement will be considered to be an admission of liability or a waiver of rights.

### How Do I Participate In The Settlement?

### IN ORDER FOR YOU TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE <u>YOUR DISTRIBUTION, YOU DO NOT NEED TO DO ANYTHING</u>

### Your Right to be Excluded from the Class

If you wish to be excluded from the Class, called "opting out" of the Class, you will not get any money or benefits from amounts paid under the Settlement Agreement. Likewise, if the Court does not approve the Settlement Agreement and the litigation continues, you will not be entitled to any money or benefits that Class Members receive later. If you opt out, however, you will have the

right to bring a claim on your own, with or without an attorney of your own choosing. If you opt out, you will not be legally bound by the Court's approval of the Settlement Agreement.

If you want to opt out of the Class, you must sign and mail the attached Exclusion Form by certified mail, return receipt requested, to Raisner Roupinian LLP, 270 Madison Ave, Suite 1801, New York, New York 10016, ATTN: René S. Roupinian. The Exclusion Form must be postmarked by no later than **[November 8, 2024]**. Exclusion Forms postmarked after that date will not be effective, and any person who sends a late Exclusion Form will nevertheless be a Class Member and will be bound in the same way and to the same extent as all other Class Members, provided that he or she otherwise qualifies as a Class Member. If you choose to remain a Class Member, you will NOT waive your right to recover any proof of claim you filed seeking recovery of any claims that are **not** of the type asserted in the WARN Actions.

### Objections

If you want to remain a member of the Class, you must next decide whether you approve of the Settlement Agreement. If you do, and do not wish to object to it, you do not need to do anything at this time. However, if you believe that the settlement is unfair, unreasonable, or should not be approved for any other reason, including because of the amount of attorneys' fees, you must make a formal objection to it. To object, you must state, in writing: (1) the name and case number of this case as it appears on the first page of this document; (2) your name, address, and telephone number; (3) your specific objection(s) to the Settlement Agreement, providing detailed reason(s) why you believe that the Settlement Agreement is improper; and (4) whether you intend to appear either on your own behalf or through an attorney of your choosing to make the objection at the Final Fairness Hearing.

All objections must be mailed to the Clerk of Court for the U.S. Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Additionally, copies of each objection must be mailed to: (1) Class Counsel, Raisner Roupinian LLP, 270 Madison Ave, Suite 1801, New York, NY 10016 (rsr@raisnerroupinian.com); (2) Counsel for the Trustee, Cozen O'Connor, Attn. Mark E. Felger, 1201 N. Market Street, Suite 1001, Wilmington, DE 19801 (mfelger@cozen.com); (3) Counsel for Non-Management Directors Mitchell Kapor and Paula Pretlow, Morrison & Foerster LLP, Attn. Andrew L. Perito, 425 Market Street, San Francisco, CA 94105-2482 (aperito@mofo.com); and (4) Counsel for Non-Management Directors Ollen Douglass and Joseph Proietti, Stinson LLP, Attn. Paul Lackey, 2200 Ross Avenue, Suite 2900, Dallas, TX 75201 (paul.lackey@stinson.com). All objections must be received by both the Clerk and the above-identified counsel no later than **[November 15, 2024]**. As noted above, if you choose to make an objection, you have the right to appear either on your own behalf or through an attorney of your choosing to be heard at and participate in the Final Fairness Hearing. You are not required to make your objection either in person or through an attorney.

### Right to Appear by Counsel

In addition to the right to hire an attorney of your choosing to file objections, you also have the right to be represented by an attorney of your choosing in all other stages of this case. If you elect to hire an attorney, you may be responsible for paying any fees and costs that the attorney charges.

**The Bankruptcy Court Has No Position on the Merits**

Although it has approved the Settlement Agreement on a preliminary basis, the Bankruptcy Court has taken no position on the merits of claims asserted in the WARN Actions or the Settlement Agreement.

**Additional Information**

If you wish to receive any additional information, or to receive full copies of the Motion (which includes a copy of the Settlement Agreement), or if you have questions, please contact René S. Roupinian by emailing rrllp@raisnerroupinian.com or by calling 212 221-1747. *Please do not call or contact the Court or counsel for any of the other Parties for information about this case.*

## EXCLUSION FORM

*Pedro Garza, Rosa Saldana Lemus, Trenton Lively, Victor Carranza, Yaritza Bejarano, Mayra Silva, Jessica Daniels, Neptali Montez, Andre Nunn, Kaila Webb, and Kasandra Jimenez, individually and on behalf of all other similarly situated former employees of BW Industries Inc.; Bitwise Industries, Inc.; BWRD, LLC; Alpha Works Technologies, LLC; and Bruce's Bagels, Beverages, and Bites, LLC*

U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

I, the undersigned, have read the foregoing Notice of Proposed Class Settlement, Date and Time of Final Fairness Hearing, and Right to Object to the Proposed Settlement.

**I DO NOT** want to participate in the above Class Action and **DO NOT** wish to be bound by the outcome of the Class Action or receive any potential benefits of the Class Action.

_____          _____
Signature                                                        Address

_____          _____
Name (print or type)                                      Telephone

_____
Date

Send completed form to:

Raisner Roupinian LLP
270 Madison Ave, Suite 1801
New York, New York 10016
ATTN: René S. Roupinian